912 A.2d 815

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Andre JONES, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 2005.

Decided Dec. 28, 2006.

Reargument Denied Feb. 20, 2007.

Dean M. Beer, Esq., Karl Baker, Esq., for Andre Jones.

Hugh J. Burns, J., Philadelphia, for Commonwealth of Pennsylvania.

Ronald Eisenberg, Office of the District Attorney of Philadelphia, for appellee.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

### *OPINION*

Justice CASTILLE.

■ Appellant Andre Jones appeals from the Superior Court's order affirming the trial court's judgment of sentence for one count of burglary, 18 Pa.C.S. § 3502(a), and one count

**358**

of criminal trespass, 18 Pa.C.S. § 3503. The sole issue on appeal is whether the trial court erred in sentencing appellant to consecutive sentences for burglary and criminal trespass where one act was involved and the same facts established nearly identical elements for both crimes.[1] We now reverse the Superior Court and hold that criminal trespass is a lesser included offense of burglary for sentencing purposes, causing the sentences for the crimes to merge. We therefore vacate the sentence for criminal trespass.

On July 31, 2002, at approximately 10 p.m., Julia Wellons heard noises coming from the inside of her house as she sat on the front porch of her home in Philadelphia. When Wellons went inside, she discovered that her previously locked back door was open. As she investigated further, she found her second floor bedroom light was turned on and her wallet was lying on her bed with the money removed. Upon hearing noises on the third floor, she phoned the police and shouted up the stairs that she had done so. She then heard someone trying to break through her third floor bathroom window and she began to climb the stairs, when she saw appellant, her next-door neighbor, in the bathroom. Before the police came, appellant jumped out of the window onto a shed adjacent to the home and fled. Following a conversation with Wellons, the police went next-door and arrested appellant.

After a bench trial, appellant was found guilty of one count of burglary and one count of criminal trespass. On March 5, 2003, appellant was sentenced to ten to twenty years of imprisonment for burglary and two to ten years imprisonment for criminal trespass, the sentences to run consecutively.[2] Appellant appealed to the Superior Court.

The Superior Court affirmed the trial court's judgment of sentence in an unpublished memorandum opinion. As to the issue of whether criminal trespass and burglary merge at

1. The issue before us is a question of law and, as such, our scope of review is plenary and our standard of review is *de novo*. *Stilp v. Commonwealth*, 588 Pa. 539, 905 A.2d 918, 930 (2006).

2. Appellant received the statutory maximum sentence for burglary, which is graded as a first degree felony, except in limited circumstances not relevant here, 18 Pa.C.S. § 3502(c). *See* 18 Pa.C.S. § 1103(1).

sentencing, the panel held that criminal trespass is not a lesser included offense of burglary, since criminal trespass contains a scienter requirement not included within the elements of burglary. The panel began its analysis by citing *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994), for the proposition that sentences merge if the elements of the lesser crime are included within the elements of the greater crime, and the greater offense includes an additional element not included within the lesser crime.[3] The court concluded that criminal trespass and burglary do not merge by relying on *Commonwealth v. Harrison*, 444 Pa.Super. 103, 663 A.2d 238 (1995), which observed that the elements of criminal trespass require a defendant to know he is not privileged to enter a property, whereas burglary contains no such requirement.

Appellant claims that criminal trespass should merge with burglary for sentencing purposes because every burglary also constitutes a criminal trespass. Appellant argues that his convictions should merge under the OAJC in *Gatling*, 570 Pa. 34, 807 A.2d 890, because they arose out of the same criminal act and the charge of criminal trespass is a lesser included offense of burglary. He also argues that his sentences merge under the test set forth in *Commonwealth v. Comer*, 552 Pa. 527, 716 A.2d 593 (1998), where this Court held that sentences should merge where one set of facts supports the elements of two offenses. Appellant acknowledges that it is reasonable for the Commonwealth to charge a defendant with both criminal trespass and burglary where the Commonwealth is uncertain it is able to prove a defendant's intent to commit a crime at entry, but asserts that there is no logical justification for subjecting a defendant to multiple and consecutive terms of imprisonment when the act of burglary is proven at trial.

---

**3.** The Superior Court cited this Court's most recent case law on merger when it characterized the Opinion Announcing the Judgment of the Court ("OAJC") in *Commonwealth v. Gatling*, 570 Pa. 34, 807 A.2d 890 (2002) as adopting a "break-in-the-chain" test to determine if the crimes a defendant was convicted of amount to a single act for sentencing. The panel correctly found that this portion of *Gatling* is inapplicable to the present case because appellant's crimes "undeniably" involved a single act covered by the test in *Anderson*.

The Commonwealth counters by arguing that merger is a question of legislative intent, and 42 Pa.C.S. § 9765 states that offenses merge only where "all of the statutory elements of one offense are included in the statutory elements of the other offense" and the crimes arise from a single criminal act. Moreover, the Commonwealth argues that this Court has consistently held that crimes do not merge unless they are lesser and greater included offenses. In the Commonwealth's view, departures from that doctrine, notably in *Gatling*, are nonbinding *dicta*. The crimes that appellant was convicted of *sub judice* are not lesser and greater included offenses, according to the Commonwealth, because each crime includes an element that the other crime does not. Burglary requires the intent to commit a crime within a building at entry, while criminal trespass does not. Criminal trespass requires a breaking into a structure, while burglary requires only entry into a building. Therefore, the Commonwealth argues, it is possible to commit one offense without committing the other.

In courts across the nation, analysis of lesser and greater included offenses typically falls into one of three categories. 5 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE 576 (2d ed.1999). First, the "statutory elements test" limits a court to comparing the elements of the crimes, without reference to how the crimes were committed in a particular case, to determine whether in committing one offense the defendant has also committed a lesser offense. *Id.* The primary criticism of this test is that it is too inflexible, frequently ignoring the true nature of criminal conduct by excluding a lesser included offense; but the test is praised for its consistency which promotes judicial efficiency. *Id.* at 578. Second, the "cognate-pleadings" approach does not require that all of the elements of a lesser included offense be subsumed within the higher offense, and instead instructs a court to assess the relationship between crimes by looking at the pleadings in a case. *Id.* at 579–80. Third, the "evidentiary" approach allows a court to analyze the actual proof submitted at trial, rather than only the pleadings, to examine the relationship between the crimes committed. *Id.* at 581. Critics of this approach

complain that it leads to too many crimes being deemed lesser included offenses and places both parties at a disadvantage in preparing for trial, while proponents of the method counter that all of the prosecution's proof is known from the start of a case. *Id.* at 583. As detailed below, this Court's own analysis of lesser and greater included offenses has evolved over time, in the sentencing merger context, from a strict statutory elements test to a hybrid of both the statutory elements and cognate-pleadings approaches. This development perhaps corroborates Justice Holmes' observation that, "[t]he life of the law has not been logic: it has been experience." OLIVER WENDELL HOLMES, JR., THE COMMON LAW 1 (1881).

Nearly three decades ago, in *Commonwealth v. Carter,* 482 Pa. 274, 393 A.2d 660 (1978), this Court confronted an issue similar to the one before us today and utilized a merger analysis that most closely resembles a statutory elements approach. *Carter* did not involve sentencing merger, but instead a due process challenge where a defendant who was charged only with committing burglary was convicted for the uncharged crime of criminal trespass. With Justice Roberts (later Chief Justice) writing for the majority, this Court reasoned that criminal trespass is not a lesser included offense of burglary because the statutory definition of criminal trespass has a scienter requirement absent from the definition of the more severe offense.

> [T]hus, one defending against a burglary charge would have no reason to establish that (albeit falsely) he believed his presence in a building or occupied structure was privileged or licensed. Yet evidence of such a belief could provide a basis for an acquittal of a charge of criminal trespass.

*Id.* at 661. Given the deficiency in notice, the *Carter* Court held, it was a violation of due process to convict the defendant of criminal trespass when he was not indicted on that charge. *Id.*

Since *Carter,* however, our precedent in the related but distinct area of sentencing merger has adopted a more flexible and realistic approach, which renders untenable, for merger purposes, *Carter's* view that burglary and criminal trespass

are not greater and lesser included offenses. More than a decade after *Carter*, this Court addressed in *Anderson* whether, for merger purposes, aggravated assault is a lesser included offense of attempted murder. We attempted to harmonize prior case law by first holding that the same facts may be used to support multiple convictions and separate sentences for each conviction, except where the case involves crimes that are greater and lesser included offenses. *Anderson*, 650 A.2d at 22.[4] This Court explained that the test for sentencing merger was the same as the test used to determine whether two offenses have been committed in the double jeopardy context, quoting the inquiry announced in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.

*Id.* at 23 (quoting *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569, 572 (1981) for its quotation of *Blockburger*).[5] We then set forth the test for determining greater and lesser included offenses as:

**4.** In holding that the same facts may support multiple convictions, the *Anderson* Court eliminated an inconsistency between *Commonwealth v. Weakland*, 521 Pa. 353, 555 A.2d 1228 (1989) and *Commonwealth v. Leon Williams*, 521 Pa. 556, 559 A.2d 25 (1989), abrogating the holding in *Weakland* and reaffirming the holding in *Leon Williams*. *Anderson*, 650 A.2d at 22. In *Weakland*, the Court had held that if an individual is convicted of two crimes predicated on only one act of criminal violence, the crimes will merge for sentencing. *Weakland*, 555 A.2d at 1233. The *Weakland* Court further held that crimes would not merge if "the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime." *Id.* In *Leon Williams*, the Court abrogated and abolished, except for lesser included offenses, a previous doctrine of merger based on whether the Commonwealth had an interest in prosecuting a defendant for more than one crime. *Leon Williams*, 559 A.2d at 29 (abrogating *Commonwealth v. Michael Williams*, 514 Pa. 124, 522 A.2d 1095 (1987)).

**5.** The *Anderson* Court approved of the Superior's Court summary of the double jeopardy test as an analysis dependent solely on a comparison of the elements of the crimes charged. *Anderson*, 650 A.2d at 24.

[W]hether the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether both crimes require proof of at least one element which the other does not, in which case the sentences do not merge.

*Id.* at 24. Applying this test to the case, the *Anderson* Court found that all of the elements of aggravated assault were subsumed under the attempted murder statute. The Court reached this conclusion by noting that "any merger analysis must proceed on the basis of [the] facts" of a case because some portions of a statute may be relevant to the analysis, while others will be immaterial. *Id.* at 24 n. 3 (discussing two different portions of aggravated assault statute; noting that defendant may be prosecuted for aggravated assault if he either attempts to cause or causes serious bodily injury to another. *See* 18 Pa.C.S. § 2702(a)).[6]

Then, in *Comer*, 552 Pa. 527, 716 A.2d 593, this Court considered whether imposition of multiple sentences for convictions for involuntary manslaughter and homicide by vehicle violates the double jeopardy clauses of the Pennsylvania Constitution[7] and the United States Constitution.[8] The Superior Court in *Comer* held that homicide by vehicle is not a lesser

---

**6.** In 2002, the *Anderson* test was essentially adopted by the General Assembly in 42 Pa.C.S. § 9765, which reads:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

*Id.* The Commonwealth characterizes this statute as reflecting both the General Assembly's specific intent concerning when crimes should merge for sentencing and a codification of existing case law. *See* Commonwealth's Brief at 5–8. While this characterization may be correct, this Court's merger jurisprudence is not rendered irrelevant by Section 9765, for it is silent as to whether the facts of a case are pertinent to merger analysis, *see* discussion *infra,* and our jurisprudence in these cases implicate constitutional double jeopardy concerns.

**7.** PA. CONST. art. 1, § 10.

**8.** U.S. CONST amend. V.

included offense of involuntary manslaughter because homicide by vehicle requires a violation of the Motor Vehicle Code, 75 Pa.C.S. § 101 *et seq.*, an element not present in the involuntary manslaughter statute. *Id.* at 599. Additionally, the Superior Court held that involuntary manslaughter is not a lesser included offense of homicide by vehicle given that the former crime requires a higher degree of culpability. *Id.*[9] This Court reversed on further appeal, holding that the elements of homicide by vehicle "as charged" in the case were included within the elements of involuntary manslaughter and each offense could be proven using the same evidence. *Id.* This was so because the defendant in *Comer* was charged with recklessly driving his vehicle into a bus stand, a fact which supported both the reckless act element of involuntary manslaughter and the Vehicle Code violation element of homicide by vehicle. *Id.* We buttressed our conclusion by noting that the test announced in *Anderson* was based on *Blockburger.*[10]

Significantly, we expressly acknowledged in *Commonwealth v. Collins*, 564 Pa. 144, 764 A.2d 1056, 1059 (2001) that homicide by vehicle contained a statutory element that the greater offense, involuntary manslaughter, did not, but we reiterated the importance of looking at the elements of the crimes as they are actually charged when determining whether convictions merge for sentencing. We did not abandon, however, our practice of considering the statutory elements of the crimes when we held that the offenses of homicide by

9. A person commits homicide by vehicle when he: (1) unintentionally causes a death, (2) while engaged in a violation of any law, municipal ordinance, or traffic regulation, which relates to the operation or use of a vehicle. 75 Pa.C.S. § 3732. The elements of involuntary manslaughter are satisfied where the defendant: (1) committed an act in a reckless or grossly negligent manner, (2) which causes the death of another person. 18 Pa.C.S. § 2504.

10. The Commonwealth quotes *Comer* for the proposition that " 'to determine whether one offense is a greater or lesser included offense of the other, the statutory elements of the offenses must be compared without considering the underlying factual circumstances.' " Commonwealth's Brief at 11 (citing *Comer*, 716 A.2d at 599). The Commonwealth, however, has quoted from the *Comer* Court's characterization of the Superior Court's holding, a holding that that the *Comer* Court ultimately reversed.

vehicle and homicide by vehicle while driving under the influence of alcohol (homicide by vehicle DUI) do not merge for sentencing purposes. *Id.*[11] The rationale underlying this decision was premised on the fact that the doctrine of merger is a rule of statutory construction mandating an inquiry, if discernable in the construction of the statutes, regarding whether the Legislature intended the two offenses to merge for sentencing. *Id.* at 1057. In *Collins,* we found legislative intent readily ascertainable in the statutory definitions of the two offenses at issue, as the General Assembly constructed homicide by vehicle as requiring a non-DUI Vehicle Code violation and homicide by vehicle DUI as requiring a DUI conviction. *Id.* at 1059. The *Collins* Court further recognized that *Comer* permitted an analysis of "the elements as charged in the circumstances of a case," but that "it does not permit [this Court] to view the circumstances so broadly that we redefine the elements of the crime." *Id.*

*Gatling* was decided a year after *Collins,* but did not result in a majority opinion. The question in *Gatling* was whether convictions for corrupting the morals of a minor[12] and statutory sexual assault[13] merged. Madame Justice Newman's OAJC characterized merger analysis as a two-part test, inquiring: (1) whether the crimes are lesser included offenses; and (2) whether the crimes are based on the same set of facts. *Gatling,* 807 A.2d at 899.[14] In a footnote, the OAJC opined that "in a situation where the crimes, as statutorily defined,

11. Homicide by vehicle DUI is defined in the Motor Vehicle Code as follows:

> Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years.

75 Pa.C.S. § 3735(a).

12. 18 Pa.C.S. § 6301(a)(1).

13. 18 Pa.C.S. § 3122.1.

14. *Gatling* was decided by six Justices. This author joined the OAJC, while then-Chief Justice Zappala concurred in the result. Justice

each have an element not included in the other but the same narrow fact satisfies both of the different elements, the lesser crime merges into the greater-inclusive offense for sentencing." *Id.* at 899 n. 9 (comparing holding of *Comer* with holding in *Collins* ). Although the parties in the case *sub judice* disagree over whether this statement articulates prevailing law, none of the members of the *Gatling* Court who were not with the OAJC took issue with this particular point. Rather, the primary point of dispute related to a subject not at issue in this case, namely, the OAJC's articulation of a "break-in-the-chain" test to determine whether a series of events constitutes a single criminal act or multiple ones. *Id.* at 900.[15] Moreover, the proposition so stated in *Gatling* is squarely supported by *Comer* and *Collins*.

With this background in mind, we turn to the relevant statutes. Burglary is defined as follows:

Saylor authored a concurring opinion, observing, among other things, that Pennsylvania law would benefit from clarification regarding the exact role that evidence plays in our sentencing merger jurisprudence and suggesting a totality of the circumstances approach to determining the number of punishments to be imposed for a criminal episode. Justice Cappy, now Chief Justice, filed a dissenting opinion joined by Justice Nigro, rejecting the notion that "there was a break in the action sufficient to support a finding that two different sets of facts underlie" the convictions in the case. *Id.* at 903. Justice Eakin did not participate in the consideration or decision of the case.

15. The OAJC would have held that where there is a break in a chain of events, multiple criminal acts have been committed. A break requires that: "(1) the acts constituting commission of the first crime were completed before the defendant began committing the second crime; and (2) proof of the second crime did not in any way rely on the facts necessary to prove the first crime." *Gatling*, 807 A.2d at 900. Using this test, the OAJC found that the defendant had engaged in separate criminal acts that gave rise to his convictions for corruption of a minor and statutory sexual assault. *Id.* at 901. Therefore, the OAJC determined that a classic merger analysis was not required. *Id.*

Prior to *Gatling*, in *Commonwealth v. Belsar*, 544 Pa. 346, 676 A.2d 632 (1996), this Court had noted the importance of examining the facts of a case to determine whether sentences should be imposed for each criminal act perpetrated. If a criminal act has been committed, terminated, and then repeated, at least two crimes have been committed and separate sentences should be imposed for each crime to ensure that criminals are not permitted to "brutalize their victims with impunity." *Id.* at 634.

A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S. § 3502(a). In the very next statutory provision, criminal trespass is defined as follows:

A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S. § 3503(a)(1). The phrase "breaks into" requires a person "to gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access." Id. at § 3503(a)(3).

■ The impediment to merger here, as identified in the *Carter* approach to charging and due process and the *Anderson* approach to sentencing merger, consists in the fact that the two primary elements of criminal trespass—(1) knowledge of lack of privilege (2) to enter a building—are not elements of burglary. Criminal trespass requires a defendant's awareness of lack of privilege, 18 Pa.C.S. § 3503(a)(1), while the putatively greater offense of burglary requires only lack of privilege, *id.* at § 3502(a). In accordance with the teaching of *Comer, Collins,* and the *Gatling* OAJC, however, we must evaluate the statutory elements, with an eye to the specific allegations levied in the case. *See also Commonwealth v. Buffington,* 574 Pa. 29, 828 A.2d 1024, 1031 n. 11 (2003) (in determining whether particular crime is lesser included offense, U.S. Supreme Court and this Court have deemed "the facts of a case as alleged in the charging document to be of significance where the crimes are defined as encompassing a range of acts or offenses").[16] The pleadings

---

**16.** Unlike *Collins,* where the crimes were defined with mutually exclusive provisions, criminal trespass and burglary do not contain mutually

make clear the crimes must be deemed to merge.

Appellant was charged with entering the home of his next-door neighbor, without permission, and taking $400 from inside. Although appellant made an argument below that he believed he had permission to enter, the trial court, sitting as factfinder, obviously rejected this contention when it convicted him of both burglary and criminal trespass. Any individual who covertly enters another person's home, through a locked back door as appellant did, and then steals valuables obviously is aware that his entry into the home is neither licensed nor privileged. Thus, the totality of circumstances here, including the pleadings and proof at trial, established that appellant was aware of his lack of privilege to enter when he committed both burglary and criminal trespass.

We find further support for our finding of merger in Justice Pomeroy's dissenting opinion in *Carter*.[17] Although that dissent is not binding, and *Carter* remains valid precedent for the due process issue there decided, it is significant that the dissent anticipated the more practical, hybrid approach that has emerged in Pennsylvania sentencing merger law, and it did so in a case involving burglary and criminal trespass, the crimes at issue here. Justice Pomeroy, who was joined by Justice O'Brien, would have held that criminal trespass is a lesser included offense of burglary. Justice Pomeroy stressed the factual realities of the Commonwealth's prosecution in a case such as this one. The criminal trespass statute requires that a defendant have affirmative knowledge of his lack of privilege to enter a building, whereas a plain reading of the

exclusive provisions that would enable us to discern any legislative intent. Moreover, *Collins* did not implicate double jeopardy concerns, which would account for its narrow statutory analysis.

17. One of Justice Pomeroy's chief objections to the *Carter* majority was that it seemingly announced a new approach for determining when offenses merge that required each of the elements of the greater offense to be "set forth in the statute in precisely the same fashion as are in the elements of the lesser offense." *Carter*, 393 A.2d at 663 (Pomeroy, J., dissenting). Justice Pomeroy noted that this approach differed from the traditional approach to merger, *i.e.*, evaluating whether "one crime necessarily involves another," as articulated in *Commonwealth ex rel. Moszczynski v. Ashe*, 21 A.2d 920 (1941). *Carter*, 393 A.2d at 663.

burglary statute requires the Commonwealth to show volitional entry (with the intent to commit a crime) into a building and allows a defendant's license or privilege to enter a building to operate as an affirmative defense to the crime. Justice Pomeroy viewed criminal trespass as a lesser included offense of burglary because the burden of production on the Commonwealth is functionally identical for each crime, as the Commonwealth must essentially prove entry without legal justification in each case. *Carter,* 393 A.2d at 666. Justice Pomeroy opined that, although the burglary statute suggests that privilege is an affirmative defense to the crime, as opposed to a mandatory element that the Commonwealth must prove to establish criminal trespass, the very availability of the defense necessarily requires any competent prosecutor to establish knowledge of lack of privilege in his case in chief to thwart a potential defense argument or evidence respecting license or privilege. *Id.* Justice Pomeroy's exploration of the practicalities and the interplay of these particular crimes is persuasive, particularly considering how merger analysis has evolved in this Court.

We stress that our reliance on the *Carter* dissent does not call into question the validity of the holding of the *Carter* majority. *Carter* implicated due process, a distinct concern from the present case. This Court has evaluated whether crimes are lesser and greater included offenses in cases concerning sentencing merger, double jeopardy, and due process, but the concerns arising under due process are different from those attending the former two types of cases. The fact that this Court employs the same analysis in double jeopardy and sentencing merger cases is a function of the Double Jeopardy Clause's prohibition that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb," which protects against both successive punishments and successive prosecutions for the same offense. *United States v. Dixon,* 509 U.S. 688, 695–96, 113 S.Ct. 2849, 2855, 125 L.Ed.2d 556 (1993). The due process concern in *Carter,* in contrast, had to do with notice and fairness, *i.e.,* whether a defendant could be convicted of a charge that he was not indicted on and,

therefore, had no notice to defend. *Carter*, 393 A.2d at 661–62. Where due process and notice are at issue, it is prudent to primarily focus the analysis on the statutory elements of a crime to determine whether crimes are lesser and greater included offenses because due process protects "an accused against any unfair advantage." *Commonwealth v. Bryant*, 367 Pa. 135, 79 A.2d 193, 198 (1951). When a defendant may be convicted on a charge absent from the indictment, concerns of fundamental fairness dictate that analysis of potential greater and lesser included offenses proceed in a more narrow fashion than when sentencing merger is at issue.[18]

Furthermore, given our jurisprudence, which requires consideration of the crimes as charged, this Court must also reject the Commonwealth's argument that appellant's convictions do not merge because criminal trespass requires breaking into a building, an element it alleges is absent from the definition of burglary. Subsection (i) of the criminal trespass statute makes mere entry into a building without privilege unlawful and subsection (ii) prohibits breaking into a building without privilege. 18 Pa.C.S. § 3503(a). The burglary stat-

18. As mentioned above, *Carter* utilized a test that closely resembled the statutory elements test to determine if a defendant may be convicted of an uncharged crime. Justice Pomeroy, however, noted that the Court had previously employed Model Penal Code Section 1.07(4), which seemingly allows for a broader analysis of the statutory elements of the crimes involved:

(4) **Conviction of Included Offense Permitted.** A defendant may be convicted of an offense included in an offense charged in the indictment [or the information]. An offense is so included when:

(a) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) it consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or

(c) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

M.P.C. § 1.07(4); *Carter*, 393 A.2d at 667 (Pomeroy, J., dissenting). Justice Pomeroy added that five Justices "were prepared to be guided by Section 1.07(4)" in *Commonwealth v. Polimeni*, 474 Pa. 430, 378 A.2d 1189 (1977) (OAJC) and *Commonwealth v. Garcia*, 474 Pa. 449, 378 A.2d 1199 (1977) (plurality). Under Section 1.07(4)(c), Justice Pomeroy noted, criminal trespass would constitute a lesser included offense of burglary. *Carter*, 393 A.2d at 667.

ute, likewise, punishes unlicensed entry into a building to commit a crime therein where the defendant has gained access through both mere entry into a building and entry into a "separately secured" portion of a building, which implies a breaking. 18 Pa.C.S. § 3502(a). The Commonwealth charged appellant under both subsections (i) and (ii) of the criminal trespass statute, as well as generally under the burglary statute. When the trial court convicted appellant of criminal trespass, it did not make a specific finding respecting which section of the statute was violated and, therefore, it was possible for appellant to have been convicted under subsection (i), which does not require a defendant to break into a structure as separately defined under the statute. *See Anderson*, 650 A.2d at 24 n. 3. Although Ms. Wellons testified that appellant entered her home through a locked door, the Commonwealth alleged only that appellant entered her home in its criminal complaint. Therefore, since breaking into a structure is not always an indispensable element of criminal trespass, and the Commonwealth did not have to prove, and did not necessarily prove, that appellant broke into Ms. Wellons's home in order to secure convictions of burglary and criminal trespass, the Commonwealth was not obligated to prove an additional breaking element to establish appellant's conviction for criminal trespass. In any event, even if the Commonwealth could be said to have proved a breaking, in light of the reality that the very same narrow facts charged proved both crimes, we believe they must merge.

In sum, appellant was charged on facts that satisfy both the elements of criminal trespass and of burglary. Appellant was accused in the Commonwealth's complaint of entering his neighbor's home without her consent to steal a substantial quantity of cash. These facts, as charged in the pleadings and made out at trial, were sufficient to convict appellant of both burglary and the lesser offense of criminal trespass. Accordingly, the crimes merge for sentencing.

For the foregoing reasons, we reverse the order of the Superior Court in part, and we vacate the sentence imposed by the trial court for criminal trespass.

Chief Justice CAPPY and Justice BAER join the opinion.

Former Justice NIGRO did not participate in the decision of this case.

Justice SAYLOR files a concurring opinion.

Justice NEWMAN files a dissenting opinion in which Justice EAKIN joins.

Justice SAYLOR, concurring.

I have no objection to the majority's approach to sentencing merger in the absence of a specific expression of legislative intent; indeed, consistent with such approach, I believe that it is sensible to treat criminal trespass as a lesser-included offense of burglary. However, I agree with Madame Justice Newman that the Legislature has now evinced an intent in Section 9765 of the Judicial Code, 42 Pa.C.S. § 9765, to require a pure statutory elements approach to sentencing merger. Since, however, the enactment of Section 9765 post-dates Appellant's offenses in this case, I do not believe that it need necessarily be applied here. Thus, I am able to join in the result of the majority opinion.

Justice NEWMAN, dissenting.

We are asked to decide whether a trial court erred in sentencing Appellant to consecutive terms for burglary and criminal trespass after finding that the offenses did not merge for sentencing purposes.[1] For the reasons that follow, I

1. Section 3502 of the Crimes Code provides that a person is guilty of burglary if he "enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter." 18 Pa.C.S. § 3502(a).

 Section 3503(a)(1) of the Crimes Code defines criminal trespass in relevant part as follows:

 A person commits an offense if, knowing he is not licensed or privileged to do so, he:

 (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

 (ii) breaks into any building or occupied structure or separate secure or occupied portion thereof.

conclude that the offenses should not merge and that the sentence as imposed by the trial court was appropriate. As such, I respectfully dissent from the Majority Opinion.

The Majority is both correct and fair when it recognizes that the impediment to merger of these offenses is that an element of criminal trespass, knowledge of lack of privilege to enter a building, is not an element of burglary.[2] The Majority holds that the findings of fact do not establish a sufficient basis to sentence Appellant for both burglary and the lesser-included offense of criminal trespass. I find that result to be contrary to our precedent and the intent of the General Assembly.

In *Commonwealth v. Gatling*, 570 Pa. 34, 807 A.2d 890 (2002) (plurality), a plurality of the Court agreed as follows:

To the extent that our merger jurisprudence is confusing, we now definitively state, for bench and bar, the standard for determining when convictions should merge for the purposes of sentencing.

The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act.

If the offenses stem from two different criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge.

In order for two convictions to merge:

(1) the crimes must be greater and lesser-included offenses; and

(2) the crimes charged must be based on the same facts.

If the crimes are greater and lesser-included offenses and are based on the same facts, the court should merge the convictions for sentencing; if either prong is not met, however, merger is inappropriate.

*Gatling*, 807 A.2d at 899 (spacing modified) (footnote omitted). We further specified that:

**2.** *See* 18 Pa.C.S. § 3503(a)(1).

> One crime is a lesser-included offense of another crime if, while considering the underlying factual circumstances, the elements constituting the lesser crime as charged are all included within the elements of the greater crime, and the greater offense includes at least one additional element that is not a requisite for committing the lesser crime.

*Gatling*, 807 A.2d at 899 n. 9.

In the instant case, *Gatling's* preliminary consideration for merger, that the facts on which both offenses are charged constitute one solitary criminal act, is met. Accordingly, we then look to the following two criteria: whether the crimes are great and lesser-included offenses and whether the crimes charged are based on the same facts. Here, the second criterion is met, because the crimes charged are based on the same facts relating to the entry of Appellant into the home of Wellons. However, the case *sub judice* fails to meet the first criterion, that the crimes must be greater and lesser-included offenses. Section 9765 of the Sentencing Code provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

The Majority wishes to place a greater emphasis on the underlying factual circumstances, which purport to establish that the criminal trespass in this particular case is a lesser-included offense of the burglary. This analysis would be consistent with the observation by the *Gatling* plurality that "in a situation where the crimes, as statutorily defined, each have an element not included in the other but the same narrow fact satisfies both of the different elements, the lesser crime merges into the greater-inclusive offense for sentencing." *Gatling*, 807 A.2d at 899 n. 9. However, the Majority would have us ignore the statutory requirement for merger, which mandates that *all* of the statutory elements of one

offense coincide with the statutory elements of the other offense. See 42 Pa.C.S. § 9765.

Burglary is defined as follows:

**(a) Offense defined.**—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S. § 3502(a). Thus, the elements to establish burglary include: (1) entering a building (unless the building is open to the public or the actor is privileged to enter); and (2) having the intent to commit a crime in that building.

Criminal trespass is defined as:

**(a) Buildings and occupied structures.**—

(1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S. 3503 § (a)(1). Thus, as relevant to the instant case, the elements of criminal trespass include: (1) knowledge of lack of privilege to enter a building; and either (2) entering the building by subterfuge; or (3) breaking into the building.

As the trial court and Superior Court correctly determined, the elements of these two crimes differ, and sentencing thus cannot be merged pursuant to our jurisprudence and the legislative intent as evidenced by 42 Pa.C.S. § 9765. Sentences merge if "the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different." *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20, 24 (1994).

To be convicted of criminal trespass, the person must know that he is not licensed or privileged to enter, whereas a

conviction for burglary has no such knowledge requirement. Therefore, the crime of criminal trespass contains another element that the crime of burglary lacks and cannot be a lesser-included offense of burglary. Burglary requires entry with the intent to commit a crime within, a requirement that criminal trespass lacks. Thus, not every burglary is a criminal trespass, and vice versa.

Accordingly, the lesser crime of criminal trespass does not have all of the elements of the greater crime of burglary, and the sentences should not merge. As such, I respectfully dissent from the Majority Opinion.

Justice EAKIN joins this dissenting opinion.