J-S14011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSEPH ROBINSON, JR. | : | |
| Appellant | : | No. 1988 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 23, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-00011953-2015

BEFORE: LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY LAZARUS, J.: **FILED APRIL 10, 2019**

Joseph Robinson, Jr. appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was convicted in a nonjury trial of criminal trespass,[1] criminal mischief,[2] criminal attempt—theft by unlawful taking,[3] and conspiracy—criminal trespass breaking into a structure.[4] Robinson argues that the evidence was insufficient to sustain the verdict. Upon careful review, we affirm.

The trial court set forth the facts of the case as follows:

_____

[1] 18 Pa.C.S.A. § 3503(a)(1)(ii).

[2] 18 Pa.C.S.A. § 3304(a)(5).

[3] 18 Pa.C.S.A. § 901(a).

[4] 18 Pa.C.S.A. § 903.

_____

* Retired Senior Judge assigned to the Superior Court.

On October 20, 2015, Defendants Joseph Robinson, Jr. and Cortez Brown broke into a locked home at 904 N. 41st Street in Philadelphia, Pennsylvania and began to remove custom-made wooden panels from the interior of the home and placed them in a work vehicle. At approximately 1:30 P.M. on that same day, Police Officer [Christopher] Binns saw the Defendants exiting the home at 904 N. 41st Street. Officer Binns' father—Sergeant [Christopher] Binns—happened to own the home and Officer Binns knew no one was supposed to be inside at that time.

Officer Binns asked [] Brown from which property he exited. [] Brown replied he was just walking down the street. Officer Binns then asked [] Robinson why he was inside the home. [] Robinson replied that the homeowner contacted him to remove the interior woodwork. Officer Binns repeated the answer back and stated that he disbelieved [] Robinson. [] Robinson then stated that a bank owned the property and told him to remove all the woodwork. Officer Binns replied that he still disbelieved [] Robinson at which point [] Robinson stated that "a Muslim guy" hired the Defendants to remove the woodwork from the home. When Officer Binns entered the home immediately after questioning the Defendants, interior panels of woodwork were missing from the vestibule. Officer Binns asked where the Defendant's work vehicle was located if they were doing work. Officer Binns was told that the vehicle was around the corner, which seemed odd to Officer Binns because there was ample parking in front of the home. A work truck was indeed parked around the corner—thirty to forty feet from the corner—containing a wood panel matching the missing panels from the home.

The owner of the home did not know the Defendants. The owner did not request any work to be done in the home within the previous six months. The owner left the house "a couple days" earlier without a traditional front door, yet nevertheless secured by a locked storm-door. The house had been lived in as recently as December of 2012 and had water, electric, and gas connections [and] was up to date on the property taxes. There was physical damage to the home as a result of Defendant's actions.

Trial Court Opinion, 10/9/18, at 1-2 (citations to record omitted).

The trial court convicted Robinson of the above offenses and, on May 23, 2018, sentenced him to four years supervised probation. The trial court

denied a post-sentence motion for a new trial and Robinson filed a timely notice of appeal to this Court, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Robinson raises the following issues for our review:

1. The evidence was insufficient to sustain the verdict of guilt as to the crime of [c]riminal [t]respass (18 Pa.C.S. [§] 3503(a)(ii)) when the Commonwealth failed to prove beyond a reasonable doubt that [Robinson] knew he was not licensed or privileged to enter the residence at 901 N. 41st Street.

2. The evidence was insufficient to sustain the verdict of guilt as to the charge of [c]onspiracy when the Commonwealth failed to prove beyond a reasonable doubt that [Robinson] conspired with another to enter the residence at 904 N. 41st Street when he believed he was licensed to enter the building.

3. The evidence was insufficient to sustain the verdict of guilt as to the charge of [c]riminal [m]ischief when the Commonwealth failed to prove beyond a reasonable doubt that [Robinson] knew he was intentionally damaging the real or personal property of another without permission.

Brief of Appellant, at 7.

Robinson claims that the evidence was insufficient to prove he knew he was not allowed to be in the house. We review his sufficiency of the evidence claim under the following standard:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for [that of] the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt

- 3 -

may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Vargas*, 108 A.3d 858, 867-68 (Pa. Super. 2014) (citation omitted).

Robinson first challenges the sufficiency of the evidence underpinning his conviction for criminal trespass. Criminal trespass requires that the defendant, "knowing he is not licensed or privileged to do so, he . . . breaks into any building or occupied structure or separately secured or occupied portion thereof." 18 Pa.C.S.A. § 3503(a)(1)(ii). Thus, the Commonwealth needed to prove that Robinson 1) did not have a license or privilege, 2) knew he did not have a license or privilege, and 3) broke into a building. *See id.*; *see also Commonwealth v. Jones*, 912 A.2d 815, 822 (Pa. Super. 2006). Robinson concedes that he did not have permission to enter the property.

The trial court, sitting as fact finder, could have reasonably inferred Robinson was aware that he did not have a license from the circumstances. When asked what he was doing, Robinson and his co-defendant gave three different answers. The co-defendant flatly denied ever being in the house despite Officer Binns witnessing him exit the house. Furthermore, the work vehicle containing the stolen property was parked some distance from the

house, even though there was ample parking space in front of the house. From these facts, the judge could have reasonably found Robinson was aware he did not have a license to be inside the house.

There are also sufficient facts to show Robinson broke into the home. The home was not secured with a front door but was secured with a storm door. Sergeant Binns testified that the storm door was locked a few days earlier. Both Officer Binns and Officer Damian Stevenson (officer Binns' partner) had driven by the house the previous day and noted that the storm door appeared closed. Not until Robinson was exiting the home was the door found open. While this is circumstantial, "wholly circumstantial evidence" can be sufficient for the Commonwealth to sustain its burden. *Commonwealth v. Pennix*, 176 A.3d 340, 343 (Pa. Super. 2017). When viewed in the light most favorable to the Commonwealth, the evidence was more than sufficient to sustain the criminal trespass conviction.

Regarding the criminal conspiracy conviction, Robinson claims he believed he had a license to enter the building for a legitimate work purpose. Appellant's Brief, at 14. This argument mirrors Robinson's trespass argument. Criminal conspiracy requires that the defendant and another person "with the intent of promoting or facilitating [a crime's] commission . . . he agrees with such other person [that they] will engage in conduct which constitutes such a crime." Pa.C.S.A. § 903(a). As discussed previously, there was sufficient evidence for the judge to find that Robinson knew he did not have a license to be in the house. Because there were two defendants, he

- 5 -

could reasonably infer they agreed to enter the house together. Thus, there was sufficient evidence that Robinson was engaged in a criminal conspiracy to commit criminal trespass.

Robinson's last argument also relies on him being unaware he was doing illegitimate work. Criminal mischief requires a defendant "intentionally damages real or personal property of another." 18 Pa.C.S.A. § 3304(a)(5). Robinson's argument here can be resolved the same way the previous two arguments were. Circumstantial evidence was sufficient to establish that Robinson knew he did not have license to enter the house. Thus, any damage to the real property would have been intentional. Therefore, the evidence was sufficient for the judge to determine that Robinson intentionally damaged real property belonging to another.

Judgment of sentence affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/19