**[J-33-2020] [MO: Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 36 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered February 22, |
| | : | 2019 at No. 773 WDA 2017, |
| v. | : | affirming the Judgment of Sentence |
| | : | of the Court of Common Pleas of |
| | : | Allegheny County entered |
| BRYAN HILL, | : | December 20, 2016 at No. CP-02- |
| | : | CR-0007301-2016. |
| Appellant | : | |
| | : | SUBMITTED:  April 21, 2020 |

**CONCURRING OPINION**

**JUSTICE WECHT**                              **DECIDED:  SEPTEMBER 30, 2020**

I join the learned Majority's opinion in full.  The trial court lacked discretion to deviate from the sentencing scheme mandated by law for Bryan Hill's second conviction of DUI–general impairment under 75 Pa.C.S. § 3804(a)(1) ("Count 2").  Because that error implicates the legality of Hill's sentence, it is non-waivable under this Court's longstanding precedents.  *Commonwealth v. Vasquez*, 744 A.2d 1280, 1284 (Pa. 2000).  I write separately to highlight an independent basis justifying vacatur here, which may recur in similar cases where a defendant is convicted of multiple counts of DUI–general impairment arising from the same criminal episode.  Specifically, where at least one of those counts implicates the mandatory sentencing provision at 75 Pa.C.S. § 3804(c)(1) based upon the motorist's refusal of chemical testing consistent with the dictates of the Vehicle Code, any sentence for the lower-graded DUI offense must merge for sentencing purposes.

As this Court "may *sua sponte* raise and address issues concerning illegal sentences," Maj. Op. at 17 n.11 (citing *Commonwealth v. Batts*, 163 A.3d 410, 434 (Pa. 2017)), we may consider whether the sentence associated with Hill's conviction on Count 2 must merge with his sentence for refusing a breath test under Count 1. "[T]his Court employs the same analysis in double jeopardy and sentencing merger cases." *Commonwealth v. Jones*, 912 A.2d 815, 823 (Pa. 2006) (Opinion Announcing the Judgment of the Court ("OAJC")). To that end, the Supreme Court of the United States has clarified that, "[i]n both the multiple punishment and multiple prosecution contexts, . . . where the two offenses for which the defendant is punished or tried cannot survive the 'same elements' test, the double jeopardy bar applies." *United States v. Dixon*, 509 U.S. 688, 696 (1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). "The same-elements test, sometimes referred to as the '*Blockburger*' test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." *Id.*

Our General Assembly has codified a similar test for assessing merger, which provides:

> No crime shall merge for sentencing purposes unless the crime shall arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.[1] By its plain terms, the merger statute cabins a trial court's discretion to impose a sentence for a lesser-included offense where a defendant also has been

---

[1] As described in *Jones*, the same-elements merger test enacted by the General Assembly in Section 9765 generally tracks the *Blockburger* test. *See Jones*, 912 A.2d at 818-19 (OAJC). However, because that "test applies only in the multiple punishment context as a rule of statutory construction, to be utilized only when the legislature has not

convicted of a greater-included offense arising from a single criminal act. As such, the failure to merge sentences where required, like the failure to impose a mandatory sentence, implicates the legality of the court's judgment. *See Commonwealth v. Andrews*, 768 A.2d 309, 313 (Pa. 2001); *Commonwealth v. Campbell*, 505 A.2d 262, 265 (Pa. Super. 1986) (*en banc*) (OAJC); *accord Vasquez*, 744 A.2d at 1284.

Here, it is undisputed that both of Hill's DUI convictions arose from the same criminal act. Each conviction also required proof of the same underlying elements of DUI–general impairment under subsection 3802(a)(1) of the Vehicle Code—*i.e.*, operating a vehicle "after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely" doing so. 75 Pa.C.S. § 3802(a)(1). *Compare id.* § 3804(c)(1) (prescribing punishment for "[a]n individual who violates subsection 3802(a)(1) and refused testing of breath . . . or testing of blood pursuant to a valid search warrant")*, with id.* § 3804(a) (prescribing punishment for "an individual who violates section 3802(a)"). The only difference between the two convictions is that the greater sentencing range that is applicable to subsection 3804(c)(1) is triggered upon additional proof that a defendant refused chemical testing.[2] Because the generic penalty for DUI–general impairment under subsection 3804(a)(1) does not contain an element that is

---

indicated whether punishment for separate offenses is cumulative," *Commonwealth v. Baldwin*, 985 A.2d 830, 836 (Pa. 2009), the General Assembly can depart from the test to offer greater protections against successive sentences, such as when it "plainly indicated that cumulative punishment for inchoate crimes is specifically prohibited, regardless of whether those crimes would otherwise merge." *Commonwealth v. King*, ___ A.3d ___, 2020 WL 4140069, at *16 (Pa. 2020) (citing 18 Pa.C.S. § 906).

[2] Though technically a sentencing enhancement, a defendant's refusal to submit to chemical testing under subsection 3804(c)(1) must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the [finder of fact] and found beyond a reasonable doubt.") (citing *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000)).

absent from subsection 3804(c)(1), the sentencing scheme imposed upon Hill survives neither the same-elements test under the federal Double Jeopardy Clause nor the Pennsylvania merger statute.

Thus, while Hill's current sentence for Count 2 must be vacated because it is in derogation of an applicable mandatory sentencing provision, it is apparent that any lawful sentence consistent with that provision necessarily would merge with his unchallenged sentence for Count 1. Accordingly, insofar as there is no available sentence that lawfully could be imposed for Hill's conviction on Count 2, this Court's determination that vacatur is warranted without a concomitant remand for resentencing is appropriate under the circumstances.