J-A07004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :              PENNSYLVANIA
                           :
               v.           :
                           :
                           :
                           :
JACE WILLIAM CIVITARESE         :
                           :
         Appellant           :   No. 583 MDA 2023

Appeal from the Judgment of Sentence Entered March 22, 2023
In the Court of Common Pleas of Lebanon County
Criminal Division at No:  CP-38-CR-0001486-2021


BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: OCTOBER 18, 2024**

Appellant, Jace William Civitarese, appeals from the March 22, 2023 judgment of sentence imposing 180 months to 360 months incarceration for possession with intent to deliver ("PWID") a controlled Substance.[1]  We affirm.

On November 17, 2021, Appellant was charged PWID based on his alleged possession of nearly 700 grams of Fentanyl.  The facts underlying the conviction are not at issue here.  Rather, the issues before us arise from a lengthy procedural history involving Appellant's numerous continuance requests, change of counsel, and failure to file a timely pretrial motion.  Trial was originally scheduled for the April 2022 term, but Appellant sought and

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113

received a three-month continuance to the July 2022 term. Appellant then sought and received a second continuance to the August 2022 term. Shortly thereafter, he fired his attorney, and on July 5, 2022, a new attorney entered his appearance on behalf of Appellant. On July 12, 2022, Appellant requested a continuance until the September 2022 term, which the court granted. The trial court granted a fourth continuance on August 26, 2022, setting trial for the October term. Finally, on September 30, 2022, Appellant filed a certificate of trial readiness.

On October 4, 2022, however, Appellant filed a motion to suppress evidence and a motion to force disclosure of a confidential informant. The trial court denied the former as untimely and, without objection, deferred argument and decision of the latter until trial. Trial was set for the week of October 24, 2022. On October 20, 2022, Appellant moved to waive his right to a trial and proceed to a bench trial. The trial court granted the motion and scheduled a bench trial for October 26, 2022.

On the morning of October 26, 2022, Appellant moved to withdraw his jury trial waiver. The trial court denied that motion. At the conclusion of trial, the court found Appellant guilty of PWID (Fentanyl) and not guilty on the remaining offenses. As noted above, the trial court imposed 180 months to 360 months of incarceration. This timely appeal followed.

We paraphrase Appellant's assertions of error as follows: (1) whether the trial court erred in denying Appellant's Motion to Withdraw his Waiver of

Jury Trial; (2) whether the trial court erred in denying Appellant's Motion to Suppress; and (3) whether the trial court erred in its handling of the Motion to Disclose Confidential Informant  Appellant's Brief at 6.  We address each in turn.

First, Appellant argues that the trial court denied him his constitutional right to a trial by jury.  This is a question of law for which our standard of review is *de novo* and the scope is plenary. **Commonwealth v. Jones**, 590 Pa. 356, 912 A.2d 815 (2006). The United States and Pennsylvania Constitutions provide the accused a right to a jury trial.  U.S. CONST. Amend. VI.; PA. CONST. Art. I, § 6.  The right to a trial by jury is a fundamental principle of American law. **See** U.S. CONST. Amend. VI.; PA. CONST. Art. I, § 6.  Like other rights, the accused may waive it.

Pennsylvania Rules of Criminal Procedure 620 governs waiver of the right to a jury trial.

> In all cases, the defendant. . . may waive a jury trial with approval by a judge of the court in which the case is pending and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa. R. Crim. P. 620. To waive a valid Right to Trial by Jury, the waiver must indicate that the Defendant understood the following:

(1) That a jury would be selected from members of the community;

(2) that the defendant had a right to participate in jury selection;

(3) that the verdict of the jury must be unanimous. *See Commonwealth v. Miller*, 987 A.2d 638 (Pa. Super. 2009).

Instantly, Appellant waived his right to a jury via a written colloquy. Appellant does not dispute that the written colloquy met the three criteria set forth just above. But the colloquy between the trial court and Appellant mandated in Rule 620(A) did not occur.[2] Appellant's question presented indicates that lack of compliance with Rule 620(A) is his primary complaint (Appellant's Brief at 5), but he abandons that issue in his brief, arguing instead that he should have been permitted to withdraw the waiver under Rule 621(B) ("At any time **before the commencement of trial**, a waiver of a jury trial or the judge's approval thereof may be withdrawn.") (emphasis added). As Appellant puts it: "while a written colloquy may have been filed and thus a waiver of the right to a jury trial may have been in the record, [Appellant] exercised his right as afforded to him by Rule 621, to withdraw that waiver and go forth with his Constitutional right to a jury trial." Appellant's Brief at 12. We will limit our analysis to Rule 621(B), because this is the only Rule for which Appellant developed a legal argument.

---

[2] Our Supreme Court addressed Rule 620(A) in *Commonwealth v. Mallory*, 941 A.2d 686 (Pa. 2008). There, the Court concluded that the absence of an oral colloquy was not *per se* prejudicial, for purposes of the appellant's ineffective assistance of counsel claim, because the Rule is merely a procedural mechanism for enforcement of the right, not the right itself.

For present purposes, the inquiry under Rule 621(B) is whether Appellant sought to rescind his jury trial waiver before trial commenced. To answer this question, we turn to **Commonwealth v. Dowling**, 959 A.2d 910 (Pa. 2008), wherein our Supreme Court held that "[t]rial commences for purposes of Pa.R.Crim.P. 621(B), when a court has begun to hear motions which have been reserved for the time of trial; when oral arguments have commenced; or when some other such substantive first step in the trial has begun." **Id.** at 619-620. Instantly, Appellant's request to withdraw his jury trial waiver was made on the morning of trial. As noted above, Appellant's motion for disclosure of the identity of the confidential informant was reserved for the commencement of trial. N.T. Trial, 10/26/22, at 9. Indeed, the trial court heard evidence and argument on that motion and decided it that morning. **Id.** at 9-27. Applying the holding of **Dowling** to the facts presented here, we discern no error in the trial court's denial of Appellant's request to withdraw his jury trial waiver. In failing to raise his request until the morning of trial, at which time the trial court intended to hear argument on the motion to identify the confidential informant, Appellant failed to comply with Rule 621(B), as interpreted by **Dowling**.

Additionally, we reject Appellant's argument that the denial of his motion was unfairly prejudicial to him. Given the delays occasioned by Appellant's continuances and change of counsel, summarized above, the trial court viewed Appellant's motion as a stall tactic:

Okay, this is a 2021 case. It has been pending for a considerable period of time. We had scheduled this after much pretrial back and forth for the October term of court. We attached counsel for the October term of court. We indicated that there would be no further continuances.

[W]e had call of the list on October 4. We had a second call of the list on October 12. And the first day of jury selection was October 17. Another day available for jury selection was October 24. This case was ready for a jury trial. We had summoned jurors for this trial. The Commonwealth, correct me if I'm wrong, is ready to try this case and has subpoenaed its witnessed [sic] and everything was on track for a jury trial to be conducted in October. Because of the waiver that was executed by your client, we released the jurors and we scheduled today's date for a bench trial.

The Commonwealth is ready with all of its witnesses today. There is a waiver of a jury trial, an election of a bench trial. This is a thinly veiled effort on the part of [Appellant] to gain another postponement to inconvenience the Commonwealth and this Court.

N.T. Trial, 10/26/23, at 5-6. For all of the foregoing reasons, we discern no error in the trial court's denial of Appellant's motion to withdraw his jury trial waiver.

Next, Appellant challenges the denial of his untimely motion to suppress evidence. Pennsylvania Rule of Criminal Procedure 578 states, "Unless otherwise required in the interests of justice, all pre-trial requests for relief shall be included in one omnibus motion." Pa.R.Crim.P. 578, *Comment*. Rule 579(A) provides that an omnibus pre-trial motion must be filed within thirty days of arraignment:

[T]he omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or

- 6 -

the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A).

Here, Appellant was arraigned on January 5, 2022, yet he did not file his motion until ten months later, in October of 2022. Appellant notes that he switched counsel as of July 5, 2022, but even giving Appellant the benefit of that date, he did not act within 30 days. Both Appellant and his Counsel are experienced with the Pennsylvania criminal justice system and knew the pre-trial deadline. Trial Court Opinion 6/6/23 at 9-10. Further, Appellant has failed to establish the applicability of any of the exceptions of Rule 579(A).

As was the case with his attempted withdrawal of his jury trial waiver, the trial court viewed Appellant's untimely suppression motion as an additional stall tactic:

> We met with counsel on October 12, 2022. It was obvious that [Appellant] wanted to push the trial beyond the October term of court, and we resisted that effort. We reiterated our decision to deny [Appellant]'s pre-trial Motion as untimely. We pointed out to Attorney Alva that he entered his appearance on July 7, 2022, and that he had plenty of time following July 7, 2022, to evaluate the case and file a more timely motion. Bluntly, we considered the Motion to Suppress as a tactic designed to delay trial.

Trial Court Opinion, 06/06/23, at 3. Based on all the foregoing, we discern no error in the trial court's denial of Appellant's motion to withdraw his jury trial waiver.

Appellant's final argument is that the trial court erred in its handling of Appellant's motion to reveal the identity of the confidential informant.

- 7 -

Appellant argues the trial court erred in forcing defense counsel to present Appellant as a fact witness, rather than simply deciding the motion based on defense counsel's recitation of the pertinent facts. Appellant's Brief, at 18. Appellant cites no law in support of this argument, in violation of Pa.R.A.P. 2119(c). This failure results in waiver. ***Commonwealth v. Mulkin***, 228 A.3d 913, 917 (Pa. Super. 2020).

Further, the record reflects that Appellant's counsel did not object to putting Appellant on the witness stand to offer testimony in support of the motion:

> THE COURT: Okay. You both want to do it now, I'll do it now. I'll hold a hearing right now on the relevance of disclosing the identity of the confidential informant. Let's hear testimony regarding that issue. This will be considered prior to trial.
>
> [APPELLANT'S COUNSEL:] Yes, Your Honor.

N.T. Trial, 10/26/22, at 13. Appellant's counsel then gave a summary of the facts and called Appellant to the stand without objection. ***Id.*** at 14. Appellant has failed to preserve his final argument for review.

For the foregoing reasons, we find no merit to any of Appellant's assertions of error. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/18/2024</u>