J-S13018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| XAVIER ANDERSON HOLLAMON | |
| Appellant | No. 827 WDA 2014 |

Appeal from the Judgment of Sentence April 7, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003153-2013

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:　　　　　　　　　**FILED MARCH 11, 2015**

Appellant, Xavier Anderson Hollamon, appeals from the April 7, 2014 aggregate judgment of sentence of 12½ to 25 years' imprisonment, imposed after he was found guilty of one count each of attempted murder, recklessly endangering another person (REAP), possession of a weapon, carrying a firearm without a license, and aggravated assault.[1]  After careful review, we affirm in part and vacate in part.

The trial court briefly summarized the relevant factual history of this case as follows.

> 　The evidence at [Appellant]'s trial revealed that [on August 24, 2013, Appellant] pulled out a gun and shot the victim[, Dayquan Robison,] at

---
[1] 18 Pa.C.S.A. §§ 901(a), 2705, 907(b), 6106(a)(2), and 2702(a)(1), respectively.

almost point-blank-range upon confronting him on the street. [Dayquan]'s mother was between the two at the time trying to get [Appellant] to leave her son alone. She testified as to what occurred, and more significantly, the shooting was captured in its entirety on video via a security camera at the location. The jury saw the actual event as it occurred.

Trial Court Opinion, 6/20/14, at 1.

On November 23, 2013, the Commonwealth filed an information, charging Appellant with the above-mentioned offenses, as well as one additional count of REAP. On February 13, 2014, Appellant proceeded to a two-day jury trial, at the conclusion of which the jury found Appellant guilty of one count each of attempted murder, REAP, possession of a weapon, carrying a firearm without a license, and aggravated assault. As to the second REAP count, the trial court entered a judgment of acquittal. On April 7, 2014, the trial court sentenced Appellant to an aggregate term of 12½ to 25 years' imprisonment.[2] On April 17, 2014, Appellant filed a timely post-sentence motion, in which Appellant argued, among other things, that the jury's verdict was against the weight of the evidence. *See generally* Pa.R.Crim.P. 607(A)(3). The trial court denied Appellant's post-sentence

_____

[2] Specifically, the trial court imposed 12½ to 25 years' imprisonment for attempted murder, three to 60 months' imprisonment for possession of a weapon, three to 60 months' imprisonment for carrying a firearm without a license, six to 12 years' imprisonment for aggravated assault, and no further penalty for REAP. All sentences were to run concurrently to each other.

motion that same day. On May 15, 2014, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following three issues for our review.

> I. Whether Appellant's conviction associated with a shooting was against the weight of the evidence in light of the fact the Commonwealth did not disapprove [sic] [] Appellant's theory of [j]ustification[?]
>
> II. Whether the [trial c]ourt erred in its instruction relative to the use of deadly force in its jury instruction of self-defense/justification cases[?]
>
> III. Whether the issue of mandatory minimum incarceration for possession of a firearm during the commission of a [sic] the offense should have been submitted to the jury pursuant to **Commonwealth v. Newman**, [99 A.3d 86 (Pa. Super. 2014) (*en banc*)], **Commonwealth v. Munday**[, 78 A.3d 661 (Pa. Super. 2013)]; pursuant to the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013)[?]

Appellant's Brief at 3.

In his first issue, Appellant avers that the jury's verdict was against the weight of the evidence. **Id.** at 6. We begin by noting our well-settled standard of review. "A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court." **Commonwealth v. Landis**, 89 A.3d 694, 699 (Pa. Super. 2014) (citation

---

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

omitted). An argument that the jury's verdict was against the weight of the evidence concedes that the evidence was sufficient to sustain the convictions. *Commonwealth v. Lyons*, 79 A.3d 1053, 1067 (Pa. 2013), *cert. denied*, *Lyons v. Pennsylvania*, 134 S. Ct. 1792 (2014). Our Supreme Court has admonished that "[a] new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation omitted). Instead, "the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* (internal quotation marks and citation omitted). "[A] new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice …." *Id.*

As an appellate court, it "is not [our role] to consider the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citation omitted). An argument that the jury's verdict was against the weight of the evidence remains "[o]ne of the least assailable reasons for granting … a new trial …." *Id.* (citation omitted). "Thus, only where the facts and inferences disclose a *palpable abuse of discretion* will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal." *Id.* (citation omitted; emphasis in original).

In this case, Appellant avers the jury's verdict was against the weight of the evidence based on the following.

> The review of the transcript in this matter, in particular the testimony of [] Appellant, indicated that the victim of the shooting in this matter was in possession of a firearm at the time [] Appellant took the necessary step of shooting the victim to protect himself from serious bodily injury or death. Furthermore, it was established by additional evidence that the victims' [sic] girlfriend hid the weapon in her house. It should be noted "victim" [sic] in this case never testified at trial. Therefore, it is clear the verdict presented in this case was against the weight of the evidence presented at trial. Thus Appellants [sic] conviction [sic] should be overturned.

Appellant's Brief at 6 (emphasis in original).

To summarize the evidence, the jury heard testimony from Tabitha Robison, Dayquan's mother, who was present at the time of the shooting. Tabitha testified that she received a phone call from Dayquan stating that "guys [were] following him and he thought they were going to jump him." N.T., 2/13/14, at 20. Tabitha drove to JJ's Pub, and Dayquan came out of the bar once she arrived via a side door with his girlfriend. *Id.* at 21. Robison noticed two other gentlemen on the other side of the street. *Id.* at 22. When Dayquan and his girlfriend came out of the bar, these other two men began to walk towards him. *Id.* According to Tabitha, one of the men, in a red shirt, told Dayquan not to disrespect his mother. *Id.* at 23. Tabitha identified Appellant as the man in the red shirt. *Id.* at 24-25. Tabitha got out of her car and told Appellant that she had spoken with his mother and no

one disrespected her. *Id.* at 23. Tabitha got in between Dayquan and Appellant. *Id.* As Tabitha put her arms up between them, Appellant pulled out a gun and began shooting. *Id.* at 24. Dayquan was shot twice. *Id.* Tabitha testified that her son was not armed, nor did he insinuate that he was. *Id.* at 26. The Commonwealth then played security camera footage of the incident for the jury.[4] Tabitha identified herself and Dayquan in the video. *Id.* at 34. On redirect examination, Tabitha also identified the person depicted in the video shooting Dayquan as Appellant. *Id.* at 40.

Appellant testified in his own defense. Appellant told the jury that he approached Dayquan outside the bar to discuss an issue with Appellant's mother owing Dayquan money, and the victim "got aggressive with [him]." *Id.* at 90. Appellant next stated that he saw Dayquan "reach in his pocket and … saw a handle of a gun come out." *Id.* at 91. Specifically, the gun was a .380. *Id.* Appellant further testified that he was in fear for his life and protected himself as a result. *Id.* at 97.

It is axiomatic that the jury is the ultimate finder of fact at trial.

> [T]he veracity of a particular witness is a question which must be answered in reliance on the ordinary experiences of life, common knowledge of the natural tendencies of human nature, and observations of the character and demeanor of the witness. As the phenomenon of lying is within the ordinary capacity of jurors to assess, the question of

---

[4] Appellant stipulated to the video's authenticity. N.T., 2/13/14, at 30.

a witness's credibility is reserved exclusively for the jury.

*Commonwealth v. Alicia*, 92 A.3d 753, 761 (Pa. 2014) (citation omitted). Likewise, "[t]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence." *Commonwealth v. Feese*, 79 A.3d 1101, 1122 (Pa. Super. 2013), *appeal denied*, 94 A.3d 1007 (Pa. 2014).

In this case, the jury was free to find Tabitha's trial testimony credible, find Appellant's testimony not credible, and resolve any inconsistencies in the Commonwealth's favor. *See generally Commonwealth v. Horne*, 89 A.3d 277, 286 (Pa. Super. 2014) (concluding the weight of the evidence claim could not prevail as "the jury resolved the inconsistencies among the testimonies as it saw fit and reached a verdict[]"). The jury was presented with Tabitha's testimony and Appellant's. They weighed both and ultimately concluded that Tabitha's testimony was credible and Appellant's was not credible. As an appellate court, we will not reweigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. Serrano*, 61 A.3d 279, 289 (Pa. Super. 2013) (citation omitted). Based on these considerations, we conclude the trial court did not commit a palpable abuse of discretion in deciding the jury's verdict was not against the weight of the evidence. *See Morales*, *supra*.

In his second issue, Appellant avers that the trial court abused its discretion when it failed to give an instruction to the jury based on

Pennsylvania's "Stand Your Ground" law. Appellant's Brief at 7; *see also generally* 18 Pa.C.S.A. § 505(b)(2.3). Generally, appellate briefs are required to conform to the Rules of Appellate Procedure. Pa.R.A.P. 2101. Pennsylvania Rule of Appellate Procedure 2119(a) requires that the argument section of an appellate brief include "citation of authorities as are deemed pertinent." *Id.* at 2119(a). This Court will not consider an argument where an appellant fails to cite to any legal authority or otherwise develop the issue. *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009), *cert. denied*, *Johnson v. Pennsylvania*, 131 S. Ct. 250 (2010); *see also, e.g.*, *In re Estate of Whitley*, 50 A.3d 203, 209 (Pa. Super. 2012) (stating, "[f]ailure to cite relevant legal authority constitutes waiver of the claim on appeal[]") (citation omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

In this case, Appellant's entire "Stand Your Ground" argument consists of one double-spaced paragraph, consisting of 16 lines spanning less than one page. *See* Appellant's Brief at 7. More importantly, Appellant's brief is devoid of any substantive discussion of our cases involving self-defense, jury instructions, or the "Stand Your Ground" statute. *Id.* Based on these

considerations, we deem this issue waived on appeal.[5]  **See Johnson**,

**supra**; **Whitley**, **supra**.

In his third issue, Appellant avers that he received an illegal

mandatory minimum sentence based on the United States Supreme Court's

decision in **Alleyne** and this Court's *en banc* decision in **Newman**.

Appellant's Brief at 8.    Specifically, Appellant avers that the trial court

imposed a mandatory minimum sentence of five years' imprisonment

pursuant to Section 9712(a) of the Sentencing Code which resulted in an

illegal sentence.  **Id.**  The Commonwealth acknowledges that Section 9712

has been declared facially unconstitutional.    Commonwealth's Brief at 3.

However, the Commonwealth argues that the trial court did not impose an

---

[5] The trial court and the Commonwealth both argue that Appellant waived this issue for failure to preserve it in the trial court.  Commonwealth's Brief at 2-3; Trial Court Opinion, 6/20/14, at 2.  However, this contention is belied by the record as defense counsel specifically requested the "Stand Your Ground" instruction after the end of the first day of trial on the record in chambers.  N.T., 2/13/14, at 112-117.  Defense counsel even read the statute to the Commonwealth and the trial court.  **Id.** at 113-114.

However, Section 505(b)(2.3) requires, as a prerequisite to the "Stand Your Ground" instruction, that the defendant show some evidence, even through his own testimony, that he was "not in illegal possession of a firearm[.]"  18 Pa.C.S.A. § 505(b)(2.3).  At the time defense counsel requested the instruction, defense counsel acknowledged that Appellant was never asked whether he was legally permitted to have the firearm he used.  N.T., 2/13/14, at 114.  As no other defense evidence exists supporting even a *prima facie* showing that Appellant was not in illegal possession of a firearm, even if this issue were not waived, Appellant would not be entitled to relief.

illegal sentence because the trial court did not rely on any mandatory minimum sentencing statute in sentencing Appellant. *Id.*

We note that Section 9712 has been declared facially unconstitutional by this Court under the theory of **Newman**. **See generally Commonwealth v. Valentine**, 101 A.3d 801, 811-812 (Pa. Super. 2014). Additionally, the Commonwealth filed its notice of intent to seek the mandatory minimum at Section 9712 on February 18, 2014. It is true that the sentence Appellant actually received for attempted murder and aggravated assault was above the five-year mandatory minimum sentence prescribed by Section 9712. However, in order for Appellant's sentence to be illegal for an unconstitutional application of Section 9712, the trial court must have first actually applied Section 9712 in sentencing Appellant. We have reviewed the entire sentencing transcript, and at no point in time did any party during the sentencing hearing discuss or advocate for or against the imposition of any mandatory minimum sentence. As a result, Appellant is not entitled to relief on his third issue.

We note however, that our review of the record has revealed an additional issue pertaining to the legality of Appellant's sentence, specifically concerning the doctrine of merger. A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. **Commonwealth v. Williams**, 980 A.2d 667, 672 (Pa. Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010). We begin by noting that a challenge to

the legality of the sentence can never be waived and may be raised by this Court *sua sponte*. ***Commonwealth v. Orellana***, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted); ***see also Commonwealth v. Borovichka***, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction[]"). It is also well established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." ***Id.*** "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Akbar***, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

In examining whether Appellant's offenses should have merged, we consider the following.

> The preliminary consideration [in determining merger for sentencing purposes] is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge.

***Commonwealth v. Walls***, 950 A.2d 1028, 1031 (Pa. Super. 2008) (brackets in original), *appeal denied*, 991 A.2d 313 (Pa. 2010). Furthermore, in order for two convictions to merge, the elements of the

- 11 -

lesser-included offense must be subsumed by the elements of the greater offense. Specifically, Section 9765 of the Sentencing Code provides as follows.

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the [Appellant] only on the higher graded offense.

42 Pa.C.S.A. § 9765.

Instantly, as noted above, Appellant received a sentence of 12½ to 25 years' imprisonment for attempted murder, and six to 12 years' imprisonment for aggravated assault, all stemming from the one incident in this case. Our Supreme Court has held that these crimes merge for sentencing purposes.

> It is clear that the offense of aggravated assault is necessarily included within the offense of attempted murder; every element of aggravated assault is subsumed in the elements of attempted murder. The act necessary to establish the offense of attempted murder-a substantial step towards an intentional killing-includes, indeed, coincides with, the same act which was necessary to establish the offense of aggravated assault, namely, the infliction of serious bodily injury. Likewise, the intent necessary to establish the offense of attempted murder-specific intent to kill-is greater than and necessarily includes the intentional, knowing, or reckless infliction of serious bodily injury, the intent required for aggravated assault. It is tautologous that one cannot kill without inflicting serious bodily injury. 18 Pa.C.S. § 2301. Inasmuch as aggravated assault, the lesser offense, contains some, but not all

- 12 -

> the elements of the greater offense, attempted murder, the two offenses merge for purposes of sentencing. The sentence for aggravated assault must therefore be vacated.

*Commonwealth v. Anderson*, 650 A.2d 20, 24 (Pa. 1994).

In this case, the trial court acknowledged at sentencing that attempted murder and aggravated assault merge for sentencing purposes. N.T., 4/7/14, at 6. The Commonwealth agreed with the trial court's assessment. *Id.* Nevertheless, the trial court still imposed a sentence for both attempted murder and aggravated assault, albeit a concurrent sentence. However, it is axiomatic that the merger doctrine prohibits any type of sentence being imposed. *See Anderson*, *supra*. As a result, Appellant's six to 12 year concurrent sentence for aggravated assault is illegal, and subject to *vacatur*. *See id.*; *Rivera*, *supra*; *Walls*, *supra*. However, as Appellant's sentence for aggravated assault was a concurrent sentence, our decision does not upset the trial court's sentencing scheme, as Appellant's aggregate sentence remains 12½ to 25 years' imprisonment. Therefore, we need not remand for resentencing. *See Commonwealth v. Lomax*, 8 A.3d 1264, 1268 (Pa. Super. 2010) (stating, "[b]ecause we can vacate the [illegal portion of the] sentence without disturbing the overall sentencing scheme, we need not remand [for resentencing]").

Based on the foregoing, we conclude Appellant's issues on appeal are either waived or devoid of merit. However, we also conclude that the trial court imposed a partial illegal sentence when it sentenced Appellant for both

- 13 -

attempted murder and aggravated assault. Accordingly, the trial court's April 7, 2014 judgment of sentence is affirmed in part and vacated in part.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2015