**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Larry D. WALLS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 13, 2006.
Filed June 2, 2008.

imprisonment of 13 to 26 years. On January 29, 2007, we affirmed his judgment of sentence and on November 20, 2007, the Supreme Court of Pennsylvania vacated our decision and remanded for reconsideration in light of *Commonwealth v. Jones,* 590 Pa. 356, 912 A.2d 815 (2006), which holds that merger is proper even though the lesser offense requires a *scienter* component not included within the elements of the greater offense.

¶ 2 We find that Walls' sentences for robbery and aggravated assault each have separate elements and a conviction for one does not necessarily contain the elements of the other. For example, one can commit a robbery with only a simulated weapon so there is no intent to cause serious bodily injury. Likewise, one can commit an aggravated assault by stabbing or shooting someone and not steal anything. A common sense view shows that these two crimes do not merge. Accordingly, we affirm.

## FACTS

¶ 3 On December 16, 1999, at 4:43 a.m., Scott Bittner saw Walls breaking into a car owned by his brother, Jason Bittner. The car was parked across the street from the brothers' parents' house, where Scott and Jason were staying. Scott yelled that someone was in the car and ran out of the house towards Jason's car. Walls attempted to run away and Scott grabbed Walls' arm to stop him from running. A struggle ensued between the two men, during which Walls stabbed Scott multiple times in the back, abdominal area, back of the head, and in the neck in close proximity to the carotid artery, using a screwdriver and/or a pair of needlenose pliers.[1] Scott successfully prevented Walls from

Brian H. Grabill, Altoona, for appellant.

Douglas J. Keating, Assistant District Attorney, Hollidaysburg, for Commonwealth, appellee.

BEFORE: MUSMANNO, KLEIN and POPOVICH, JJ.

OPINION BY KLEIN, J.:

¶ 1 Larry Walls appeals from his judgment of sentence entered on October 1, 2003. A jury found him guilty of, *inter alia,* robbery and aggravated assault; he was sentenced to an aggregate term of

---

**1.** The Commonwealth stipulated that Scott did not actually endure serious bodily injury, only bodily injury.

fleeing by pushing Walls to the ground and carrying Walls to his parents' house where he told Jason to call the police. Police responded to the scene and Walls was arrested. A wooden cigarette case that had previously been in the center console of Jason's car was found in Walls' possession.

¶ 4 On July 29, 2003, Walls was convicted by a jury of aggravated assault, robbery, theft of a motor vehicle, theft by unlawful taking, recklessly endangering another person, possessing instruments of a crime, harassment and criminal mischief. He was sentenced to 7½ to 15 years' incarceration on the aggravated assault (attempt to cause serious bodily injury) charge and a concurrent term of 6 to 12 months' incarceration on the possession of instruments of a crime charge. He was sentenced to a term of 5½ to 11 years' incarceration on the robbery charge, to be served consecutively to the other sentences.

¶ 5 Walls' post-sentence motion was denied by operation of law pursuant to Pa. R.Crim.P 720(B)(3)(a); however, because an order to that effect was never entered by the clerk of courts, and Walls received no notification of the denial, the trial court reinstated Walls' direct appeal rights *nunc pro tunc*. We affirmed Walls' judgment of sentence on January 29, 2007. The Supreme Court of Pennsylvania granted Walls' petition for allocatur on November 20, 2007. The Supreme Court issued an order vacating this Court's decision, remanding the appeal for reconsideration in light of *Jones, supra,* and both parties submitted briefs in support of this remand.

## DISCUSSION

¶ 6 On appeal Walls claims that his convictions for aggravated assault and robbery[2] should have merged for sentencing

purposes, and that the evidence presented by the Commonwealth at trial was insufficient to support his aggravated assault and robbery convictions.

## 1. The offenses do not merge

¶ 7 We address Walls' merger claim first.

■ ¶ 8 The Supreme Court remanded this case following the recent case of *Jones, supra,* where the Pennsylvania Supreme Court determined that where the lesser-included crime includes an additional element of specific intent that the greater crime does not, merger is still proper. *Id.* at 821. Specifically, the defendant in *Jones* was found guilty of burglary and criminal trespass and the Court determined that the crimes merged because the defendant was charged on the same facts to satisfy the elements of both crimes, even though the lesser-included offense, criminal trespass, required a *scienter* element that burglary did not. The *Jones* Court stated:

> The impediment to merger here ... consists in the fact that the two primary elements of criminal trespass—(1) knowledge of lack of privilege (2) to enter a building—are not elements of burglary. Criminal trespass requires a defendant's awareness of lack of privilege, 18 Pa.C.S. § 3503(a)(1), while the putatively greater offense of burglary requires only lack of privilege.

*Id.* at 822. The Court determined based on "the totality of circumstances, including the pleadings and proof at trial, that the defendant was aware of his lack of privilege when he committed both burglary and criminal trespass." *Id.*

¶ 9 Prior to *Jones,* in *Commonwealth v. Belsar,* 544 Pa. 346, 676 A.2d 632, 635

**2.** 18 Pa.C.S.A. §§ 2702(a)(1) and 3701(a)(1)(ii), respectively.

(1996), the Supreme Court had held that aggravated assault and robbery do *not* merge, stating:

> ... the crimes do not merge, for robbery requires proof of theft, which aggravated assault does not, and aggravated assault as a felony of the first degree requires proof of circumstances manifesting extreme indifference to the value of human life, which robbery does not.

¶ 10 Likewise, citing *Belsar*, in *Commonwealth v. Payne*, 868 A.2d 1257 (Pa.Super.2005), this Court held that the crimes of aggravated assault and robbery did not merge for sentencing purposes. We stated:

> As § 2702(a)(1) declares, before an individual may be convicted of aggravated assault, that individual must "cause serious bodily injury to another *intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.*" 18 Pa.C.S. § 2702(a)(1). 18 Pa. C.S. § 3701(a)(1)(i) simply does not require such a mental state when the "serious bodily injury" is inflicted. For robbery, it is enough that the perpetrator "*inflicts* serious bodily injury upon another" while "in the course of committing a theft." 18 Pa.C.S. § 3701(a)(1)(i).

*Id.* at 1263 (emphasis in original).

¶ 11 In *Commonwealth v. Gatling*, 570 Pa. 34, 807 A.2d 890, 899 (2002), the Supreme Court said:

> The preliminary consideration [in determining merger for sentencing purposes] is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge. In order for two convictions to merge: (1) the crimes must be greater and lesser-included offenses; and (2) the crimes charged must be based on the same facts.

If both prongs are met, the court should merge the convictions for sentencing; if either prong is not met, however, merger is inappropriate. *Id.*

¶ 12 In the instant case, the Commonwealth proved that Walls repeatedly stabbed Scott Bittner with a screwdriver and/or pliers, causing a potentially life threatening wound to Bittner, *while in the process of stealing a car.* The Commonwealth proved aggravated assault by showing that Walls stabbed Bittner, attempting to cause serious bodily injury, *under circumstances manifesting extreme indifference to the value of human life.*

¶ 13 Using a common sense approach to merger, we appreciate the holding in *Jones,* and we agree that the elements underlying burglary and criminal trespass are very closely related. The same is not true, however, for. the crimes of aggravated assault and robbery. The harms proscribed by statute are very different for each crime and one could easily commit one without committing the other. It is evident that each offense requires proof of a fact, *not an intent,* which the other does not. *Gatling, supra.* Conversely, we are hard pressed to find an example where one can be found to have entered a private building, without license, with the intent to commit a crime but is not found to have entered a building they know they are not privileged to enter. The Supreme Court explains,

> [a]ny individual who covertly enters another person's home, through a locked back door ... and then steals valuables obviously is aware that his entry into the home is neither licensed nor privileged.

*Jones, supra* at 822. Therefore, we find that Walls' sentences for robbery and aggravated assault do not merge.

### 2. Sufficiency of the evidence

 ¶ 14 Next, Walls claims that the evidence presented at trial was insufficient to support his robbery and aggravated assault convictions.[3] We disagree.

¶ 15 Here, the Commonwealth established that in the early morning hours of December 16, 1999, Walls broke into Jason Bittner's car and was confronted by Scott Bittner. (N.T. Jury Trial, 7/28/03, at 50–51). As previously mentioned, Walls repeatedly stabbed Bittner, causing wounds, cuts, scratches and lacerations about Bittners' upper torso. Walls was later found in possession of a cigarette case that had been in the center console of Jason Bittner's car. (N.T. Jury Trial, 7/29/03, at 154).

¶ 16 We find that the circumstances of this case were sufficient to permit the jury to infer that: (1) Walls, during the course of committing a theft, threatened Bittner with or intentionally put Bittner in fear of serious bodily injury; and (2) Walls acted with specific intent to inflict serious bodily injury under circumstances manifesting extreme indifference to the value of human life. Since the Commonwealth presented ample evidence to support Walls' robbery and aggravated assault convictions, his challenges to the sufficiency of the evidence must fail.

¶ 17 Judgment of sentence affirmed.

---

3. In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa.Super.2000). It is within the province of the factfinder to determine the weight to be given to each witness's testimony and to believe all, part, or none of the evidence presented at trial. *Id.*