J-S29025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TODD HAMILTON BROOKS | |
| Appellant | No. 1503 WDA 2014 |

Appeal from the Judgment of Sentence August 6, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011854-2013

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 08, 2015**

Appellant, Todd Hamilton Brooks, appeals from the August 6, 2014 aggregate judgment of sentence of four to eight years' imprisonment followed by five years' probation, imposed after Appellant pled guilty to aggravated assault by vehicle while driving under the influence (DUI), DUI - highest rate, and two counts of DUI – general impairment.[1]  After careful review, we vacate and remand for resentencing.

The trial court set forth the relevant procedural history as follows.

> On August 15, 2013, Appellant was charged by
> criminal information [] with one count of aggravated
> assault by vehicle while driving under the influence,[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3735.1, 3802(c), and 3802(a), respectively.

one count of accidents involving death or personal injury,[2] one count of accident involving damage to attended vehicle,[3] one count of driving under the influence .16% or above,[4] two counts of driving under the influence,[5] and two summary counts.

On April 2, 2014, Appellant entered a guilty plea to aggravated assault by vehicle while driving under the influence, driving under the influence .16% or above, and two counts of driving under the influence. As part of the negotiated guilty plea the remaining counts were withdrawn.

On August 6, 2014, Appellant was sentenced by the [t]rial [c]ourt as follows:

Count one: aggravated assault by vehicle while driving under the influence – four to eight years['] incarceration followed by one year probation;

Count four: driving under the influence .16% or above – ninety to one hundred eighty days incarceration to be served concurrent with the period of incarceration imposed at count one, followed by four years['] probation to be served consecutive to the period of probation imposed at count one, and a fine of $1[,]500;

The aggregate sentence imposed was four to eight years['] incarceration followed by five years['] probation and a fine of $1[,]500.

On August 8, 2014, Appellant filed a motion for reconsideration of sentence, which the [t]rial [c]ourt denied on August 13, 2014.

---

[1] 75 Pa.C.S. § 3735.1(a).

[2] 75 Pa.C.S. § 3742(a) and (b)(2).

[3] 75 Pa.C.S. § 3743.

- 2 -

<sup>4</sup> 75 Pa.C.S. §3802(c). This was amended at the time of Appellant's guilty plea to a driving under the influence .16% or above second offense.

<sup>5</sup> 75 Pa.C.S. § 3802(a).

Trial Court Opinion, 2/6/15, 2-3 (footnotes in original).

On September 12, 2014, Appellant filed a timely notice of appeal.[2] On appeal, Appellant raises the following issues for our review.

> I. Did the sentencing court give an illegal sentence where it sentenced [Appellant] on both the DUI: [h]ighest [r]ate of [a]lcohol as well as [a]ggravated [a]ssault by vehicle while DUI when the DUI is a lesser included offense of [a]ggravated [a]ssault by DUI and the sentences should have merged?

> II. Did the sentencing court abuse its discretion by imposing a sentence inconsistent with the norms underlying the sentencing code, failing to con[s]ider all releveant [sic] factors and focused almost exclusively on the seriousness of the offense and the injuries to the victim to the exlcusion [sic] of other pertient [sic] factors?

Appellant's Brief at 6.

In his first issue, Appellant argues that aggravated assault by vehicle while DUI should have merged with DUI – highest rate of alcohol. *Id.* at 15. A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. ***Commonwealth v. Williams****,* 980 A.2d 667, 672 (Pa. Super. 2009), *appeal denied,* 990 A.2d 730 (Pa.

_____

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

2010). "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Hawkins***, 45 A.3d 1123, 1130 Pa. Super. 2012), *appeal denied*, 53 A.3d 756 (Pa. 2012( (citation omitted).

In examining whether Appellant's offenses should have merged, we consider the following.

> The preliminary consideration [in determining merger for sentencing purposes] is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge.

***Commonwealth v. Walls***, 950 A.2d 1028, 1031 (Pa. Super. 2008) (brackets in original), *appeal denied*, 991 A.2d 313 (Pa. 2010). Furthermore, in order for two convictions to merge, the elements of the lesser-included offense must be subsumed by the elements of the greater offense. 42 Pa.C.S.A. § 9765. Specifically, Section 9765 of the Sentencing Code provides as follows.

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the [Appellant] only on the higher graded offense.

Instantly, as noted above, Appellant received a sentence of four to eight years' imprisonment, followed by one year of probation for aggravated

assault by vehicle while DUI, and 90 to 180 days' imprisonment, followed by four years' probation for DUI – highest rate of alcohol, all stemming from the one incident in this case. This Court has held that these crimes merge for sentencing purposes.

> Indeed, the crime[] of … aggravated assault by vehicle while DUI require[s], as [an] essential element[], that an individual cause the proscribed harm "as a result of" violating the DUI statute and that the individual be convicted of DUI. … Therefore, the statutory elements of DUI are completely subsumed within the crime[] of … aggravated assault by vehicle while DUI. As such, for sentencing purposes, Appellant's DUI conviction merged with … her … aggravated assault by vehicle while DUI conviction[].

*Commonwealth v. Tanner*, 61 A.3d 1043, 1047 (Pa. Super. 2013).

In this case, the trial court and the Commonwealth acknowledge the trial court imposed an illegal sentence. Trial Court Opinion, 2/6/15, at 5; Commonwealth's Brief at 2. We agree with the parties and the trial court that aggravated assault by vehicle while DUI and DUI – highest rate of alcohol, should have merged for sentencing purposes. *See Tanner*, *supra*.

Based on the foregoing, we conclude Appellant's sentence is illegal.[3] *See id.; Walls*, *supra*. Accordingly, we vacate the trial court's August 6, 2014 judgment of sentence and remand for resentencing.

_____

[3] In light of our conclusion that Appellant's sentence is illegal, his claim concerning the discretionary aspects of his sentence is moot. *Tanner*, *supra* at 1046 n.3.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2015