J-S42027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEFFREY DESIR | |
| Appellant | No. 463 EDA 2015 |

Appeal from the PCRA Order February 6, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002442-2013
CP-48-CR-0002443-2013

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 24, 2015**

Appellant, Geffrey Desir, appeals from the February 6, 2015 order, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the relevant factual and procedural background of this case as follows.

> On May 13, 2013, [Appellant] entered the Freeman Jewelers store at Palmer Park Mall in Palmer Township, Northampton County, Pennsylvania, where he attempted to obtain a line of store credit in the name of Darren Moss, using a pre-paid debit card and New York State driver's license in the name of Darren Moss, signing a credit application in that name.  [Appellant] had, prior [to] this occasion, used the identifying information of Darren Moss to

_____

[*] Former Justice specially assigned to the Superior Court.

purchase a pre-paid debit card bearing the name of Darren Moss from a Walmart or CVS store. That debit card was then used by [Appellant] as a means of proving the creditworthiness of Darren Moss for [the purpose] of obtaining credit at the jewelry store. When [Appellant] was apprehended in connection with these crimes, he was found to be in possession of items of jewelry valued at $13,180 that he had obtained from the Littman Jewelers store using the same fraudulent means.

On September 19, 2013, [Appellant] pled guilty to one count of access device fraud, one count of identity theft, and one count of resisting arrest with respect to the Freeman Jewelers incident, as well as one count of receiving stolen property with respect to the items of jewelry found in his possession. Immediately following the guilty plea, [Appellant] was sentenced as follows: on the charge of access device fraud, 12-24 months in state prison plus a $500 fine; on the charge of identity theft, 12-24 months in state prison plus a $500 fine; on the charge of resisting arrest, 2-12 months in state prison plus a $250 fine; and on the charge of receiving stolen property, 12-24 months in state prison plus a $250 fine. [Appellant]'s sentence for identity theft was run consecutive to his sentence for receiving stolen property, with all other sentences running concurrently, for an aggregate sentence of 24-48 months in state prison.

PCRA Court Opinion, 2/6/15, at 1-2. Appellant filed a timely post-sentence motion on September 27, 2013, which the trial court denied on October 15, 2013.

Appellant filed a premature *pro se* PCRA petition on October 22, 2013.[1]

The PCRA court appointed counsel, who filed a motion to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. On March 7, 2014, the PCRA court entered an order dismissing his PCRA petition and granted counsel's petition to withdraw. Appellant did not file a notice of appeal in this Court. On April 21, 2014, Appellant filed a motion for reconsideration of sentence, which the trial court denied the same day.[2] Appellant filed a timely *pro se* notice of appeal to this Court, which was docketed at 1590 EDA 2014. On November 17, 2014, Appellant filed a counseled application in this Court to discontinue his appeal, which we granted on December 4, 2014.[3]

_____

[1] In the interim, Appellant filed *pro se* untimely notices of appeal from his judgment of sentence on December 2, 2013, which were docketed in this Court at 3363 EDA 2013 and 3364 EDA 2013. On February 3, 2014, this Court entered an order dismissing the appeal at 3363 EDA 2013 as duplicative of the appeal at 3364 EDA 2013. Superior Court Order, 3363 EDA 2013, 2/3/14, at 1. On March 3, 2014, this Court entered an order quashing the appeal at 3364 EDA 2013 as untimely filed. Superior Court Order, 3364 EDA 2013, at 1. Appellant did not file a petition for allowance of appeal with our Supreme Court.

[2] It appears from the certified record that the trial court did not treat this filing as a PCRA petition.

[3] We note that our Supreme Court's general rule is that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the
*(Footnote Continued Next Page)*

In the interim, Appellant filed a counseled PCRA petition on October 28, 2014. Appellant filed an amended PCRA petition on November 14, 2014. On February 6, 2015, the PCRA court entered an order denying Appellant's PCRA petition. On February 13, 2015, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following two issues for our review.

> I. [Whether t]he offense of identity theft, 18 Pa.C.S.A. § 4120(a) merges with the offense of access device fraud, 18 Pa.C.S.A. § 4106(a)(1)(ii) such that the sentencing of a defendant on both offenses constitutes an illegal sentence[?]
>
> II. [Whether t]he offenses of identity theft and access device fraud to which Appellant pleaded guilty arose out of a single criminal act[?]

Appellant's Brief at 4.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's

(Footnote Continued) ――――――――

time for seeking such review." ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000). However, as noted above, the PCRA court never treated Appellant's April 21, 2014 motion for reconsideration of sentence as a PCRA petition. Furthermore, due to Appellant's discontinuance of the appeal from the trial court's order denying said motion, this Court never had an opportunity to opine as to whether said motion **should** have been treated as a PCRA petition. Based on these considerations, we conclude that ***Lark***'s rule is not implicated in this case, as when the instant PCRA petition was filed on October 28, 2014, Appellant did not have any PCRA appeals pending in this Court.

[4] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Appellant's issues on appeal only concern the doctrine of merger. A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. ***Commonwealth v. Williams***, 980 A.2d 667, 672 (Pa. Super. 2009), *appeal denied,* 990 A.2d 730 (Pa. 2010). We begin by noting that a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*.[5]

---

[5] We note that although Appellant raised this same merger issue in his brief in his last appeal at 1590 EDA 2014, this Court never reached a decision on the question since the appeal was discontinued. As a result, the claim is not previously litigated within the meaning of the PCRA. ***See generally*** 42 Pa.C.S.A. §§ 9543(a)(3), 9544(a)(2). In addition, because merger issues pertain to the legality of the sentence, the waiver provisions at Section
*(Footnote Continued Next Page)*

*Commonwealth v. Orellana*, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted); *see also Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 n.8 (Pa. Super. 2011) (stating, "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction[]"). It is also well established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted), *vacated on other grounds*, 111 A.3d 168 (Pa. 2015).

In examining whether Appellant's offenses should have merged, we consider the following.

> The preliminary consideration [in determining merger for sentencing purposes] is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

9544(b) do not apply. Therefore, although Appellant could have raised his merger claim previously, it is not waived. *See generally id.* § 9544(b).

- 6 -

*Commonwealth v. Walls*, 950 A.2d 1028, 1031 (Pa. Super. 2008) (brackets in original), *appeal denied*, 991 A.2d 313 (Pa. 2010). Furthermore, in order for two convictions to merge, the elements of the lesser-included offense must be subsumed by the elements of the greater offense. Specifically, Section 9765 of the Sentencing Code provides as follows.

### § 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the [Appellant] only on the higher graded offense.

42 Pa.C.S.A. § 9765.

As it is dispositive of the instant appeal, we need only address Appellant's second issue, *i.e.*, whether the offenses here arose from one single criminal act. Appellant avers that the offenses to which he pled guilty, access device fraud and identity theft arose from one singular criminal act. Appellant's Brief at 21.

When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity. This issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

***Commonwealth v. Pettersen***, 49 A.3d 903, 912 (Pa. Super. 2012) (internal quotation marks and citations omitted), *appeal denied*, 63 A.3d 776 (Pa. 2013).

In this case, the information filed by the Commonwealth alleges that for access device fraud, Appellant used "an American Express debit card with knowledge that the card belonged to another person, namely Darren Moss, who did not authorize that act, who did not authorize its use." Criminal Information, 8/16/13, at 1. For the charge of identity theft, the Commonwealth alleges that Appellant "was in possession of one (1) New York State driver's license … issued to Darren Moss, one (1) New Jersey driver's license … issued to Peter Gatto, one (1) American Express debit card issued to Darren Moss, and one (1) American Express debit card issued to Peter Gatto." ***Id.*** at 3.

The PCRA court concluded that the offenses to which Appellant pled guilty did not arise from a single criminal act and thus the merger doctrine does not apply.

> At the time of his plea, [Appellant] admitted that he used the fraudulently obtained pre-paid debit card in Darren Moss's name – along with Darren Moss's driver's license – as a means of establishing creditworthiness to obtain store credit in the name of Darren Moss at the Freeman Jewelers store. Thus[,] it is clear from his plea that [Appellant] admitted to using an access device – a debit card – in an attempt to obtain property with knowledge that the access device was issued to another person who had not authorized its use.

> Accordingly, it is clear that [Appellant]'s pleas to the charges of identity theft and access device fraud were predicated on two separate factual bases.

PCRA Court Opinion, 2/6/15, at 5.

We conclude the record supports the PCRA court's findings. Here the criminal information alleges that Appellant committed access device fraud utilizing a prepaid American Express debit card, and identity theft using a New York State driver's license. In our view, this is sufficient to show that the two offenses here did not arise from a singular criminal act. *See Commonwealth v. Jenkins*, 96 A.3d 1055, 1062 (Pa. Super. 2014) (concluding that the defendant's convictions stemmed from multiple criminal acts based on the Commonwealth's criminal information), *appeal denied*, 104 A.3d 3 (Pa. 2014). Therefore, the PCRA court correctly concluded that Appellant's sentences did not merge.[6]

Based on the foregoing, we conclude Appellant's sole issue on appeal is devoid of merit. Accordingly, the PCRA court's February 6, 2015 order is affirmed.

Order affirmed.

---

[6] In light of our conclusion that Appellant's offenses did not arise from a singular criminal act, we express no opinion on whether identify theft and access device fraud are lesser-included offenses of each other.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/24/2015