J-S76044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELIAS PELLOT, | |
| Appellant | No. 1722 EDA 2017 |

Appeal from the Judgment of Sentence May 12, 2017
in the Court of Common Pleas of Northampton County
Criminal Division at No.: CP-48-CR-0001787-2016

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 13, 2018**

Appellant, Elias Pellot, appeals from the judgment of sentence imposed on May 12, 2017, following his jury conviction of two counts of aggravated assault,[1] and one count each of terroristic threats, recklessly endangering another person, simple assault, and unlawful restraint.[2]  On appeal, Appellant challenges the sufficiency of the evidence.  For the reasons discussed below, we affirm the judgment of sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  18 Pa.C.S.A. §§ 2702(a)(1) and (a)(4), respectively.

[2]  18 Pa.C.S.A. §§ 2706(a)(1), 2705, 2701(a)(1), and 2902(a)(1), respectively.

We take the underlying facts and procedural history in this matter from our independent review of the certified record. On or about February 22, 2016, Appellant, who had been briefly dating the victim, assaulted her. (*See* N.T. Trial, 1/31/17, at 10-11, 13-14). The two were arguing when Appellant punched the victim, using his closed fist, several times on her head, face, and temple area. (*See id.* at 14). Appellant subsequently kicked her in the stomach and hit her on the head with a pot. (*See id.* at 14, 23). As the argument continued, Appellant choked the victim, who was lying on the kitchen floor, causing her to black out. (*See id.* at 19). Ultimately, Appellant stabbed her in the left buttock with a kitchen knife. (*See id.* at 16). Because of the incident, the victim went to the hospital twice. (*See id.* at 23, 28). The victim suffered from a laceration, multiple abrasions, many contusions, and post-traumatic stress disorder. (*See* N.T. Trial, 2/01/17, at 54-55).

As well as physically assaulting the victim, Appellant threatened to "cut [the victim's two-year-old son] from throat to belly until he squealed like a little pig." (N.T. Trial, 1/31/17, at 17; *see also id.* at 5). He told the victim that he had friends who would "take [her] up in the woods and . . . finish [her] off." (*Id.* at 20). He also threatened to kill her, her son, and her family if he was jailed because of the assault. (*See id.* at 24).

A jury trial began on January 30, 2017. On February 2, 2017, the jury convicted Appellant of the aforementioned offenses. On May 12, 2017, the trial court sentenced Appellant to a term of incarceration of not less than

ninety-four nor more than one hundred and eighty-eight months. Appellant

did not file any post-sentence motions. The instant, timely appeal followed.[3]

On appeal, Appellant raises the following question for our review.

> Whether the verdict rendered, as a matter of law, was against the sufficiency of the evidence presented at trial, which the jury rendered a guilty verdict on the offenses of aggravated assault (attempted to cause serious bodily injury) (18 Pa.C.S.A. § 2702(a)(1)), aggravated assault (caused or attempted to cause bodily injury with a deadly weapon) (18 Pa.C.S.A. § 2072(a)(4)) and simple assault (18 Pa.C.S.A. § 2701(a)(1)), since the evidence presented did not establish beyond a reasonable doubt or support beyond a reasonable doubt that Appellant attempted to cause or committed an assault upon the victim, nor did it establish or support beyond a reasonable doubt that the Appellant actually stabbed the victim in the buttocks?

(Appellant's Brief, at 3).

Appellant challenges the sufficiency of the evidence underlying his

convictions for aggravated and simple assault. (**See id.** at 6-9). However,

Appellant waived this claim.

> Pennsylvania Rule of Appellate Procedure 1925(b) provides, *inter alia*, "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P.1925(b)(4)(vii). In **Commonwealth v. Garland**, 63 A.3d 339 (Pa. Super. 2013), this Court found the appellant had waived his sufficiency of the evidence claim where his 1925(b) statement simply averred the evidence was legally insufficient to support the convictions and in doing so reasoned:
>
> > In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's

---

[3] On June 2, 2017, the trial court directed Appellant to file a concise statement of errors complained of on appeal. Appellant filed a timely Rule 1925(b) statement on June 28, 2017. On July 7, 2017, the trial court issued an opinion. **See** Pa.R.A.P. 1925.

Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt. Here, as is evident, [the a]ppellant . . . failed to specify which elements he was challenging in his Rule 1925(b) statement. . . . Thus, we find [his] sufficiency claim waived on this basis.

*Id.* at 344.

*In the Interest of J.G.*, 145 A.3d 1179, 1188-89 (Pa. Super. 2016) (footnotes and quotation marks omitted).

In this case, Appellant's Rule 1925(b) statement merely states, "[t]he verdict is against the sufficiency of the evidence in that the evidence produced at trial is insufficient, as a matter of law, to sustain a conviction for the offenses [Appellant] was found guilty of." (*See* Appellant's Rule 1925(b) Statement, 6/28/17, at unnumbered page 1).[4] Appellant's statement of the questions involved is equally vague. (*See* Appellant's Brief, at 3). Appellant does not list the elements of the crime, state which element he is challenging, or explain why he believes the evidence was insufficient. Accordingly, we deem Appellant's issue waived. *See J.G.*, *supra* at 1189.

_____

[4] Appellant's Rule 1925(b) statement also includes challenges to the weight of the evidence, which he has abandoned on appeal. (*See* Appellant's Rule 1925(b) Statement, at unnumbered page 1).

- 4 -

Moreover, even if we were to address the merits of Appellant's sufficiency claim, it would fail. Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, **when viewed in a light most favorable to the Commonwealth as verdict winner**, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted) (emphasis added).

Appellant challenges the sufficiency of the evidence with respect to his convictions for aggravated and simple assault. Initially, we note that Appellant's argument disregards our standard of review, which requires that we view the evidence in a light most favorable to the Commonwealth as verdict winner, because Appellant only discusses the evidence in the light most favorable to him. (*See* Appellant's Brief, at 6-9). Further, Appellant overlooks the fact that this Court does not re-weigh the evidence nor do we engage in credibility determinations. (*See id.*).

- 5 -

The crime of aggravated assault occurs when a person "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S.A. § 2702(a)(1). An aggravated assault also takes place when an individual "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon[.]" 18 Pa.C.S.A. § 2702(a)(4). An individual commits simple assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1).

We define the phrase "[s]erious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. The phrase, "[b]odily injury" is defined as "[i]mpairment of physical condition or substantial pain." *Id.*

In the context of Section 2702, attempt "is demonstrated by proving that the accused acted in a manner which constitutes a substantial or significant step toward perpetrating serious bodily injury upon another along with the intent to inflict serious bodily injury." *Commonwealth v. Gruf*, 822 A.2d 773, 776 (Pa. Super. 2003), *appeal denied*, 863 A.2d 1143 (Pa. 2004) (citation omitted). We can sustain a conviction for aggravated assault regardless of whether any serious bodily injury actually occurred. *See id.* at 776. Moreover, when an assault takes place but the assailant does not inflict

serious bodily injury, "the charge of aggravated assault can be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury." *Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978). The Commonwealth can prove intent through direct or circumstantial evidence. *See id.* We can consider whether the attacker was disproportionately larger or stronger than the victim; whether the attacker escalated the attack; whether the attacker used a weapon to aid in his attack; and any statements made by the attacker. *See id.*; *see also Commonwealth v. Jackson*, 955 A.2d 441 (Pa. Super. 2008), *appeal denied*, 967 A.2d 958 (Pa. 2009).

Here, as discussed above, the evidence at trial clearly demonstrated that Appellant attacked the victim, first punching her several times with a closed fist to her head and face area, then taking her to the ground, kicking her in the stomach, hitting her on the head with a pot, then choking her until she lost consciousness. Appellant stabbed the victim with a knife, all the while threatening both her life and that of her young son. The victim, who had been dating Appellant, clearly identified him as her attacker. The assault caused pain to the victim, who required two hospitalizations.

This evidence was easily sufficient to establish both counts of aggravated assault and simple assault. *See Commonwealth v. Walls*, 950 A.2d 1028, 1032 (Pa. Super. 2008), *appeal denied*, 991 A.2d 313 (Pa. 2010) (finding evidence sufficient to sustain conviction for aggravated assault—

attempted serious bodily injury where appellant stabbed victim causing lacerations, cuts and scratches); *Commonwealth v. Emler*, 903 A.2d 1273, 1277-78 (Pa. Super. 2006) (holding evidence sufficient to sustain conviction for simple assault where defendant pinned victim to ground and vigorously choked him, causing soreness to neck and shoulders); *Commonwealth v. Robertson*, 874 A.2d 1200, 1207 (Pa. Super. 2005) (holding that knife is deadly weapon); *Commonwealth v. Elrod*, 572 A.2d 1229, 1231-32 (Pa. Super. 1990), *appeal denied*, 592 A.2d 1297 (Pa. 1990) (stating evidence sufficient to sustain conviction for aggravated assault where appellant held knife to victim's throat, punched her repeatedly, and threatened to cut off her breast and stab her in vagina).

Moreover, Appellant's claim is, in essence, a contention that the jury should not have credited the victim's testimony. (*See* Appellant's Brief, at 8-9). However, such an argument goes to the weight of the evidence, not the sufficiency of the evidence. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155, 160 (Pa. Super. 2007) (claim that jury should have believed appellant's version of event rather than that of victim goes to weight, not sufficiency of evidence); *Commonwealth v. Wilson*, 825 A.2d 710, 713-14 (Pa. Super. 2003) (review of sufficiency of evidence does not include assessment of credibility of testimony; such claim goes to weight of evidence); *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) (credibility determinations are made by finder of fact and challenges to those

determinations go to weight, not sufficiency of evidence).  Accordingly, even if it had been properly preserved, Appellant's sufficiency of the evidence claim would lack merit.

Appellant's issue is both waived and would lack merit.  Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/18