J-S06036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MARQUIS CARTER, :
:
Appellant : No. 1332 EDA 2016
:

Appeal from the Judgment of Sentence April 8, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0003726-2015

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED MAY 01, 2018**

Marquis Carter ("Carter") appeals from the judgment of sentence

imposed following his convictions of robbery, theft by unlawful taking,

receiving stolen property, and simple assault.  ***See*** 18 Pa.C.S.A.

§§ 3701(a)(1)(iv); 3921(a); 3925(a); 2701(a).  We affirm in part and vacate

in part.

The trial court set forth the relevant underlying facts as follows:

On March 14, 2015, [Vivika Williams ("Williams")] arrived at
[Carter's] house to pick up their daughter as per their custody
arrangement.  When [Williams] arrived at [Carter's] home, she
and [Carter] began to argue about the way their daughter was
being dressed to go to day[]care while she was in [Williams's]
care.  As the argument escalated, [Carter] punched [Williams] in
the right cheek area[,] causing [Williams] to fall.  [Williams] fell
to the floor and as she attempted to leave, [Carter] kicked her on
the side of her body.  During this altercation, [Williams] lost her
new cell phone, which was worth about four hundred dollars
($400).  … [Carter] [also] repeatedly punched her in the head
about fifteen (15) times after she fell to the ground.  … [Carter]

grabbed the phone from the floor and jumped into [Williams's] car and parked it. [Thereafter, Carter got out of the car and continued to argue with Williams.] The police arrived shortly thereafter and [Williams] told the officers that she had been assaulted and wanted a Protection From Abuse ("PFA") order issued.

... Officer[] Timothy Auty (Badge #7177) arrived on the scene. Officers were unable to help [Williams] retrieve her cell phone, but did meet with her at the end of the street, away from [Carter's] home to discuss what had happened with [Carter]. There, the officer was able to give [Williams] a report number in order to file for a PFA order. At that time[,] Officer Auty did not notice any visible injuries. Then, on March 17, 2015, [Williams] went to the police district to petition for a PFA. She was interviewed by Officer [John] Burns (Badge #7630)[,] who took a detailed report citing that [Williams] suffered injuries from punching, kicking, grabbing, pulling hair, and threats. At that time, Officer Burns noted her visible injuries as bruises on her face, swollen/cut bottom lip, as well as pain to her neck, body, and legs.

Trial Court Opinion, 5/2/17, at 3-4 (citations omitted).

Carter was arrested and charged with robbery, theft by unlawful taking, receiving stolen property, simple assault, and recklessly endangering another person. Prior to trial, the Commonwealth filed a Motion to admit prior bad acts regarding an incident between Carter and Williams, which had occurred one week prior to the events of the instant action, to demonstrate Carter's intent. In that incident, Carter, upset over the possibility that Williams was dating another person, came to her house and punched her in the back, causing two cracked ribs. As a result of the incident, Williams sought medical care and received pain medication for her injuries. The trial court granted the Motion and admitted the evidence.

- 2 -

Carter proceeded to a bench trial, after which he was found guilty of robbery, theft by unlawful taking, receiving stolen property, and simple assault, and acquitted of recklessly endangering another person. The trial court imposed an aggregate sentence of 16 to 32 months in prison, followed by 7 years, 8 months of probation.[1]

Carter filed a Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Carter raises the following questions for our review:

1. Did not the [trial] court err in granting the Commonwealth's [M]otion pursuant to [Pa.R.E.] 404(b) seeking to admit prior bad acts of [Carter] inasmuch as the evidence (evidence of a prior assault) was not relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence or mistake or accident, was essentially inadmissible propensity evidence and its prejudicial value far outweighed its probative value?

2. Was not the evidence insufficient to support the convictions for robbery, theft, and receiving stolen property inasmuch as there was no evidence that [Carter] took anything of value from [Williams] "in the course of the theft" by the force required to prove robbery, or that [Carter] actually took anything of value from [Williams], even without any force applied?

Brief for Appellant at 4.

_____

[1] The trial court imposed a sentence of 16 to 32 months in prison, followed by 7 years, 8 months of probation for the robbery conviction, and concurrent terms of 5 years' probation for the theft by unlawful taking conviction, 5 years' probation for the receiving stolen property conviction, and 2 years' probation for the simple assault conviction.

In his first claim, Carter contends that the trial court erred in allowing the admission of his prior bad acts because such evidence was irrelevant and prejudicial. *Id.* at 11, 15-16. Carter argues that contrary to the Commonwealth's reasoning that the evidence was admissible to establish his motive and intent for the assault and theft, the actual reason was to bolster Williams's testimony. *Id.* at 11-12. Carter claims that the evidence did not demonstrate motive or intent on Carter's part, because Williams's failure to call the police after the first incident had nothing to do with Carter taking her phone in the second incident to prevent a call to the police. *Id.* at 14-15. Carter also asserts that the evidence was introduced to establish that he has bad character and a propensity for violence. *Id.* at 14.

Our standard of review concerning a challenge to the admissibility of evidence is as follows:

> The admissibility of evidence is a matter for the discretion of the trial court and a ruling thereon will be reversed on appeal only upon a showing that the trial court committed an abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Johnson*, 42 A.3d 1017, 1027 (Pa. 2012) (citations and quotation marks omitted).

Evidence of other crimes, wrongs, or other acts is inadmissible solely to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Pa.R.E. 404(b)(1).

- 4 -

> However, evidence of prior bad acts is admissible where there is a legitimate reason for the evidence, such as to establish: 1) motive; 2) intent; 3) absence of mistake or accident; 4) a common scheme or plan; and 5) identity. The evidence may also be admissible to impeach the credibility of a testifying defendant; to show that the defendant has used the prior bad acts to threaten the victim; and in situations where the bad acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development.

*Commonwealth v. Page*, 965 A.2d 1212, 1219 (Pa. Super. 2009) (citation and emphasis omitted); *see also* Pa.R.E. 404(b). Further, such evidence may only be admitted if "the probative value of the evidence outweighs its potential for unfair prejudice." Pa.R.E. 404(b).

Here, Williams's account of her unsavory relationship with Carter shed light on their relationship, and supplemented the description of the incident at issue in this case. Indeed, Williams's account formed the natural development of the facts, and therefore did not constitute impermissible character evidence. *See Commonwealth v. Powell*, 956 A.2d 406, 419-20 (Pa. 2008) (concluding that the trial court did not err in admitting victim's mother's statement that appellant "put his hands on her when he was drunk or high" because the statement was not offered to demonstrate appellant's propensity to commit a crime, but to establish the family environment and relationships between appellant, victim, and victim's mother); *Commonwealth v. Dillon*, 925 A.2d 131, 141 (Pa. 2007) (stating that "[e]vidence will not be prohibited merely because it is harmful to the defendant. This Court has stated that it is not required to sanitize the trial to eliminate all unpleasant facts from the

jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged." (citation and quotation marks omitted)). Further, given the nature of the injuries Williams suffered, this evidence was also relevant to show Carter's intent and malice. **See Powell**, 956 A.2d at 420. Finally, when the trial court judge sits as the fact-finder, he/she "is presumed to disregard inadmissible evidence and consider only competent evidence." **Commonwealth v. Kearney**, 92 A.3d 51, 61 (Pa. Super. 2014) (citation omitted). Thus, based upon the foregoing, we conclude that the trial court did not abuse its discretion in admitting the evidence, and Carter's first claim is without merit.

In his second claim, Carter contends that the evidence was insufficient to support his robbery, theft by unlawful taking, and receiving stolen property convictions. Brief for Appellant at 17-18, 23. Carter argues that there is no evidence that he took anything of value from Williams. **Id.** at 17, 23. Carter asserts that Williams's initial testimony that she lost her phone when Carter punched her demonstrates that she failed to retrieve the phone, not that he took the phone. **Id.** at 17, 18, 20, 21-22; **see also id.** at 18, 21-22 (claiming that there were contradicting statements regarding the lost phone). Carter further asserts that even if the evidence demonstrated he took the phone, the evidence would not support the robbery conviction because the taking of the phone was separate and unrelated to the assault. **Id.** at 17, 20-21, 22, 23;

*see also id.* at 17, 18-19, 21 (arguing that the evidence of Carter taking the phone does not establish that it occurred in the "course of committing a theft").

Our standard of review of a sufficiency challenge is as follows:

When evaluating a sufficiency claim, our standard is whether, viewing all the evidence and reasonable inferences in the light most favorable to the Commonwealth, the fact[-]finder reasonably could have determined that each element of the crime was established beyond a reasonable doubt. This Court considers all the evidence admitted, without regard to any claim that some of the evidence was wrongly allowed. We do not weigh the evidence or make credibility determinations. Moreover, any doubts concerning a defendant's guilt were to be resolved by the fact[-]finder unless the evidence was so weak and inconclusive that no probability of fact could be drawn from that evidence.

*Commonwealth v. Moyer*, 171 A.3d 849, 852 (Pa. Super. 2017) (citation omitted).

"[A] person is guilty of robbery if, in the course of committing a theft, he … inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury[.]" 18 Pa.C.S.A. § 3701(a)(1)(iv); *see also Commonwealth v. Jenkins*, 96 A.3d 1055, 1061 (Pa. Super. 2014). "An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S.A. § 3701(a)(2). "Bodily injury" is defined as "impairment of physical condition or substantial pain." *Id.* § 2301.

"A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." *Id.* § 3921(a).

The Crimes Code defines receiving stolen property as follows: "A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." *Id.* § 3925(a). Receiving "means acquiring possession, control or title, or lending on the security of the property." *Id.* § 3925(b).

The trial court addressed Carter's claim as follows:

Here, [the trial c]ourt found [Williams's] testimony regarding the incident that took place on March 14, 2015, to be credible. [Williams] testified that [Carter] punched her and then proceeded to kick her while she was on the ground. At that point, [Carter] took her cell phone from her, without her permission, and ran to [Williams's] car. When he returned to [Williams], he made no move to return her cell phone to her and presumably kept the cell phone while knowing it did not belong to him. [Williams] further testified that she had her phone in her hand when she went to [Carter's] house, and that she was unable to retrieve it upon leaving that day. [] [T]he phone was neither recovered nor returned to her. … [The trial c]ourt, in light of all the evidence presented, determined the Commonwealth met its burden in proving the sufficiency of the evidence for the crimes of theft by unlawful taking, robbery, and receiving stolen property.

Trial Court Opinion, 5/2/17, at 8.

Viewing the evidence in a light most favorable to the Commonwealth, the trial court, acting as the fact-finder, was free to determine that Carter had

the intent to steal the phone while inflicting bodily injury upon Williams, including punching and kicking her. *See Commonwealth v. Walls*, 950 A.2d 1028, 1032 (Pa. Super. 2008) (concluding that the evidence was sufficient to support a robbery conviction where the appellant stabbed the victim multiple times and stole a cigarette case); *see also Commonwealth v. Talbert*, 129 A.3d 536, 543 (Pa. Super. 2015) (noting that Commonwealth may sustain its burden by wholly circumstantial evidence and that the fact-finder is free to believe all, part, or none of the evidence and testimony presented). Further, the credible evidence indicated that Carter exercised unlawful control of Williams's phone, and never returned the phone. Thus, upon our review of the record and credible evidence, we conclude that the evidence was sufficient to support Carter's robbery, theft by unlawful taking, and receiving stolen property convictions. *See* Trial Court Opinion, 5/2/17, at 8.

Finally, we note that there is an issue concerning merger of Carter's sentences, which implicates the legality of his sentence. *See Commonwealth v. Nero*, 58 A.3d 802, 806 (Pa. Super. 2012) (stating that "[a] claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence.") (citation omitted). It is well settled that this Court may address the legality of a sentence *sua sponte*. *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa. Super. 2014). "[O]ur standard of review is *de novo* and our scope of review is plenary." *Nero*, 58 A.3d at 806 (citation omitted).

Section 9765 of the Pennsylvania Sentencing Code provides as follows regarding the merger of crimes for sentencing purposes:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher[-]graded offense.

42 Pa.C.S.[A.] § 9765. Accordingly, merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other. *Id.*

*Commonwealth v. Jenkins*, 96 A.3d 1055, 1056 (Pa. Super. 2014).

If the offenses stem from two different criminal acts, merger analysis is not required. In this regard, the threshold question is whether [a]ppellant committed one solitary criminal act. The answer to this question does not turn on whether there was a "break in the chain" of criminal activity. Rather, the answer turns on whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime. If so, then the defendant has committed more than one criminal act. This focus is designed to prevent defendants from receiving a "volume discount on crime."

*Commonwealth v. Orie*, 88 A.3d 983, 1020 (Pa. Super. 2014) (brackets, citations, and some quotation marks omitted, brackets added).

As noted above, the robbery, theft by unlawful taking, and receiving of stolen property occurred in a single criminal act. Further, the statutory elements of theft by unlawful taking and receiving stolen property are subsumed by robbery for sentencing purposes. *See Commonwealth v. Yancey*, 447 A.2d 1041, 1043 (Pa. Super. 1982) (concluding that the offenses

- 10 -

of theft by unlawful taking and receiving stolen property merged into the offense of robbery); *see also Commonwealth v. Humpheys*, 532 A.2d 836, 845 (Pa. Super. 1987) (stating that "conviction for theft by receiving stolen property was subsumed into the robbery [conviction] for sentencing purposes."). Thus, Carter's sentences as to his theft by unlawful taking and receiving stolen property convictions merge with his robbery conviction. Accordingly, we vacate the sentences imposed for theft by unlawful taking and receiving stolen property.

With regard to whether simple assault and robbery merge, we note that the statutory elements of simple assault are included within the elements of robbery. *See Commonwealth v. Jenkins*, 96 A.3d 1055, 1062 (Pa. Super. 2014) (noting that "simple assault does not require proof of any statutory element that robbery does not also require.") (footnote omitted); *see also id.* at 1059 (noting that "a conviction for simple assault may merge with a robbery conviction for sentencing purposes, if the prerequisites for such merger are clearly established."). In examining whether simple assault and robbery arose out of the same criminal act, we must examine whether the defendant's actions constituted a single criminal act, with reference to the crimes charged by the Commonwealth in the criminal information. *Id.* at 1060-61.

Here, the Criminal Information lists the criminal offenses and the statutory elements, but does not charge distinct criminal acts. *See* Criminal

Information, 4/13/15, at 1. Moreover, at trial, the Commonwealth did not indicate what specific conduct constituted the evidence supporting each offense. While the numerous acts of Carter hitting Williams can be separated into distinct crimes, the lack of detail in the Criminal Information constrains us to conclude that simple assault and robbery must merge at sentencing. **Cf. Jenkins**, 96 A.3d at 1061-64 (concluding that where the criminal information enumerated the elements of simple assault and robbery, and provided a description of the facts underlying the crimes which demonstrated multiple criminal acts, and the evidence at trial supported the description, the sentences for each conviction were not subject to merger). Accordingly, we vacate the judgment of sentence for simple assault.

Despite our conclusion, we need not remand for re-sentencing, as the sentences in question were imposed concurrently to the probation term for the robbery conviction; thus, we have not upset the sentencing scheme. **See Commonwealth v. Martinez**, 153 A.3d 1025, 1033 (Pa. Super. 2016) (stating that "[w]e need not remand for re-sentencing, however, as we have not upset the sentencing scheme consisting entirely of concurrent sentences."); **see also** Order, 4/8/16, at 1-2 (wherein the trial court imposed the probation terms for simple assault, theft by unlawful taking, and receiving stolen property convictions concurrent to the probation term for the robbery conviction). The judgment of sentence as corrected in this Memorandum is affirmed in all other respects.

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:5/1/18